(June 15, 1989)

■ MORGAN AND BROTHER MANHATTAN STORAGE COMPANY, INC., Appellant, v ROBERT J. McGUIRE, as Commissioner of the New York City Police Department, Respondent.—Judgment of Supreme Court, New York County (Hortense Gabel, J.), entered on August 5, 1987, which, after a bench trial, declared, *inter alia,* that plaintiff-appellant, as a warehouseman under the Uniform Commercial Code and the General Business Law, cannot claim the rights of a finder under the Personal Property Law, and is limited to recovery of unpaid storage charges, unanimously modified on the law and the facts, and to the extent of remanding for a hearing to determine the amount of appellant's lien for unpaid storage charges, without costs, and otherwise affirmed.

This action involves the rights to the remaining amounts of currency that had been contained in an unclaimed storage trunk deposited with appellant. Dishonest employees of appellant had looted the trunk and also destroyed all internal records that would have shown when the trunk was initially left with the appellant storage company. After a police investigation, substantial sums were recovered from the larcenous employees.

While we agree with the holdings of the IAS court that the appellant warehouseman cannot claim the rights of a finder and is limited to recovery of its lien for unpaid storage fees,

we disagree with the statement in the court's memorandum decision that the claim for accrued storage fees had to be dismissed for failure to state a prima facie case. (The judgment does not reflect this directive.) The court's reasoning was that due to the theft by its employees of all internal records with respect to the storage of the trunk, appellant was unable to prove how long the trunk was in its possession in order to assess the amount of accrued charges. The record shows that the bulk of the currency recovered dates from 1928, although certain bills bear a later date. We are of the opinion that the court should not have foreclosed the claim but should have granted an evidentiary hearing to afford appellant an opportunity to establish the amount of the lien. We remand for that purpose. Concur—Murphy, P. J., Asch, Rosenberger, Smith and Rubin, JJ.