■ KRISTINE SIMMONS, Appellant, v HOWARD SAFIR, Respondent, et al., Defendant. [713 NYS2d 771] —In an action pursuant to Personal Property Law article 7-B for a judgment declaring that a statuette is abandoned and not lost property, and that the plaintiff is the rightful owner, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated February 17, 1999, as, upon a determination that the statuette was lost and not abandoned, denied that branch of her motion which was for leave to enter a judgment against the defendant PJ Express, Inc., upon its default in appearing, granted the motion of the defendant Howard Safir to dismiss the complaint, and denied her cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the statuette is lost property, subject to the provisions of Personal Property Law article 7-B.

The defendant PJ Express, Inc. (hereinafter PJ), is a trucking company that came into possession of an opened crate containing a metal statuette of a horse and rider, possibly an original creation by Frederic Remington. Allegedly, all of the paperwork relating to the crate is missing and the identities of the shipper and consignee of the crate are unknown. After the

crate had been in PJ's warehouse for more than five years, an employee was instructed to dispose of the statuette. When the plaintiff, a co-owner of PJ, encountered the employee carrying it to a garbage dumpster, she stopped him, made inquiries of the other co-owners and, with their consent, took possession of the statuette.

The plaintiff then commenced this action against the defendant Howard Safir, as Police Commissioner of the City of New York (hereinafter the Commissioner), and PJ. In her complaint, she sought a declaration that the statuette was abandoned rather than lost property, that she had no duty to comply with Personal Property Law § 252, which requires the finder of lost property to deposit it with the police, and that she was the rightful owner of the statuette. When the Commissioner and PJ did not answer the plaintiff's amended complaint, she moved for leave to enter a judgment upon their default. The Commissioner then served an answer and moved to dismiss the complaint for failure to state a cause of action, contending that he was not a proper party because the plaintiff had not deposited the statuette with the police and the police had no interest in whether the property was determined to be lost. The plaintiff cross-moved for summary judgment, claiming that the statuette had been abandoned and therefore title immediately vested in her. The Supreme Court did not address the issue of whether the Commissioner was a proper party, but determined that the property was lost and not abandoned, dismissed the complaint, and denied the plaintiff's motion for leave to enter judgment and cross motion for summary judgment.

Personal Property Law § 251 (3) defines "lost property" as "lost or mislaid property" and further provides that "[a]bandoned property * * * and other property which is found, shall be presumed to be lost property and such presumption shall be conclusive unless it is established in an action or proceeding commenced within six months after the date of the finding that the property is not lost property". A "finder" is defined as "the person who first takes possession of lost property" (Personal Property Law § 251 [5]). A finder of lost property with a value of $20 or more must return it to the owner or deposit it in a police station or headquarters in the city where it is found (see, Personal Property Law § 252 [1]). The police then have certain duties with respect to the deposited property (see, Personal Property Law § 253). Lost property having a value of $5,000 or more must be retained by the police for three years (see, Personal Property Law § 253 [7]). At the end of this period, the property must be delivered to the finder upon demand if it has

not been claimed by the owner (*see,* Personal Property Law § 254 [2]). Title to the property then vests in the finder (*see,* Personal Property Law § 257 [1]).

We note that the Commissioner is a proper party to this action (*see, Cohen v Manufacturers Safe Deposit Co.,* 297 NY 266, 272). The police have a right and duty to accept and retain custody of lost property (*see,* Personal Property Law § 252 [1]; § 253 [1]) and therefore have a right to possession superior to that of a finder of such property. Criminal proceedings may be commenced against a finder who refuses or wilfully neglects to deposit lost property with the police (*see,* Personal Property Law § 252 [3]). Thus, contrary to the Commissioner's contention, his interests are sufficiently adverse to those of the plaintiff, even though the plaintiff has not yet deposited the statuette with the police.

In determining that the statuette was lost property, the Supreme Court held that the statuette was conclusively presumed lost because no action had been commenced within the six-month period set forth in Personal Property Law § 251 (3). The plaintiff contends that the court erred in applying the conclusive statutory presumption. According to the plaintiff, she found the statuette on April 16, 1998, when PJ abandoned it by attempting to discard it, and she commenced this action in June 1998, within six months after the finding.

The plaintiff, however, cannot be considered a "finder" of abandoned property in her own right. She cannot acquire ownership rights to the statuette by virtue of its abandonment by PJ, a bailee which merely had a right to temporary possession (*see, Morgan & Brother Manhattan Stor. Co. v McGuire,* 114 Misc 2d 951, 954, *mod on other grounds* 97 AD2d 695; 9 NY Jur 2d, Bailments and Chattel Leases, § 40). Any rights the plaintiff may have as a finder derive solely from PJ's purported status as a finder. Even assuming PJ could be considered a finder (*see,* Personal Property Law § 251 [5]; but *see, Morgan & Brother Manhattan Stor. Co. v McGuire,* 151 AD2d 306), the Supreme Court properly concluded that this action was not commenced within the six-month statutory period. Concededly, the statuette remained unclaimed in PJ's warehouse for more than five years without the commencement of an action to determine its status. Under the circumstances, the statuette is conclusively presumed to be lost (*see,* Personal Property Law § 251 [3]).

The plaintiff's remaining contentions are without merit.

Since this is a declaratory judgment action, the matter is remitted for the entry of a judgment declaring that the

statuette is lost property, subject to the provisions of Personal Property Law article 7-B (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Ritter, J. P., Altman, Luciano and Feuerstein, JJ., concur.