OPINION OF THE COURT
William P. McCooe, J.
A motion and cross motions for summary judgment pursuant to CPLR 3212 to determine the rights in the contents of a trunk are presented for determination. A trunk was allegedly deposited with the plaintiff Morgan and Brothers Manhattan Storage Co., Inc. (Morgan), a warehouseman, for storage by an unknown person on an unknown date. The warehouse receipt cannot be found and the true owner has not come forward or paid the storage charges for a period estimated between 20 and 40 years. Two of plaintiff Morgan’s employees, Raymond and Terrance Hart, under circumstances either not known or not disclosed in the papers, discovered a large sum of money in the trunk in December, 1976 or January, 1977 and removed it without reporting the discovery to Morgan. The trunk was being processed for auction for nonpayment of storage fees in December, 1976. Information was received by the police which led to a criminal prosecution of the two employees and their accessories. The police recovered $340,770 in United States currency of the amount taken from the trunk, which was estimated to be $4,000,000. Resolution of the conflicting rights to the currency is the issue for determination. Claims to the currency have been asserted by Morgan, the New York City Police Department, the State Tax Commission, and the State Comptroller. The larcenous Morgan employees and their accessories have defaulted and judgment is sought against them pursuant to CPLR 3215.
The unclaimed currency should be considered lost property. Subdivision 3 of section 251 of the Personal Property Law insofar as relevant states: “Abandoned property * * * shall be presumed to be lost property and such presumption shall be conclusive unless it is established in an action or proceeding commenced within six months after the date of the finding that the property is not lost property.” The currency had remained in the warehouse for many years *953 without being claimed and without the payment of any storage charges. It was clearly abandoned property and conclusively presumed lost since no action was commenced within the six-month statutory period. Entitlement on the basis of ownership being concededly absent, a finder statutorily succeeds the owner as the preferred claimant. (Personal Property Law, § 254, subds 1, 2.) A finder is defined as “the person who first takes possession of lost property” (Personal Property Law, § 251, subd 5). Possession of the currency was first taken by the larcenous Morgan employees since they were the first persons with actual knowledge of the contents of the trunk. They are in default and have waived any rights they may have. Constructive possession of the container without knowledge of the contents is insufficient to constitute Morgan a finder in its own right. (Hurley v City of Niagara Falls, 30 AD2d 89, affd 25 NY2d 687.) Intent to assume control over the contents is an essential element (Edmonds v Ronella, 73 Misc 2d 598; Brown, Personal Property [3d ed], p 24). The police department argues that Morgan lacked knowledge of the contents of the trunk and the knowledge of their employees is not attributed to it. (Kalyvakis v T.S.S. Olympia, 181 F Supp 32; McDonald v Railway Express Agency, 89 Ga App 884.) This argument is not disputed by Morgan but it does not foreclose the issue of derivative rights. Subdivision 2 of section 256 of the Personal Property Law insofar as relevant states: “If * * * the finder is an employee under a duty to deliver the lost property to his employer, the employer shall have the rights of the finder * * * if, before the property is delivered to the finder by the police, he shall file with the police having custody of the property a written notice asserting such rights.”
Morgan’s rights under this section are partially dependent upon the circumstances surrounding the opening of the trunk. Res judicata, arising from the guilty plea in the criminal proceeding, does not determine this issue since its employees were not convicted of opening the trunk but of the larcenous removal of the currency from the trunk. A question of fact remains as to how the trunk was opened which is determinative of the rights of the parties. The 20-to 40-year-old trunk may have broken open accidentally or *954 been deliberately broken open either with a larcenous intent or for the purpose of an inventory prior to the auction. Morgan’s rights in the contents should vest only if the trunk opening was under circumstances unconnected with a larcenous scheme by its employees. A contrary result would reward Morgan for the tortious conduct of its employees. The absence of this information which is determinative of proximate cause precludes a summary determination between Morgan and the police department. Issues, such as “the duty to deliver”, remain for a factual determination particularly where the mere presence of a trunk in a warehouse under the present circumstances should not establish it was delivered for storage. “The facts are not clear enough on the present record to warrant summary judgment either way.” (Bonnie Leasing Co. v City of New York, 85 AD2d 509.) A failure by Morgan to establish its derivative rights would entitle the police pension fund to the currency under section 250 of the General Municipal Law and section 435-4.1 of the Administrative Code of the City of New York.
The remaining arguments which have been advanced will be discussed and the claims dismissed. Morgan further claims that it has rights to the currency as a bailee. Assuming that it could establish that this trunk was actually deposited with it for storage, its right as a bailee is solely as to temporary possession. Furthermore, there is no bailment as to contents of extraordinary value but only as to items which would reasonably be expected to be found in the trunk (Swarth v Barney’s Clothes, 40 Misc 2d 423; Crosby v 20 Fifth Ave. Hotel Co., 173 Misc 595, 603; Waters v Beau Site Co., 114 Misc 65). This argument has no legal support.
The Comptroller has never been in either actual or constructive possession of the currency and cannot be considered a finder. The Comptroller further bases its entitlement to the currency upon the ground that it is bona vacantia and it should escheat to the State of New York as abandoned property. Bona vacantia is defined as “personal property which escheats to [the] state because no owner, heir or next of kin claims it.” (Black’s Law Dictionary [5th ed].) The term has application only in the law of descent *955 and distribution (Matter of Menschefrend, 283 App Div 463). Article 2 of the Abandoned Property Law states the circumstances in which property shall escheat to the State. It is limited to property of a known or named person. This article can have no application since the owner is unknown. The final request by the Comptroller is for a direction to pay the currency to the Commissioner of Social Services pursuant to subdivision 5 of section 450.10 of the Penal Law. The afore-mentioned section provides in substance that if stolen property is not claimed by the owner within a specified period, the court should order it delivered to the Commissioner of Social Services. The weakness in the argument is that there is no evidence that the currency was initially stolen.
The State Tax Commission has filed a tax warrant against a convicted Morgan employee and his wife. The tax warrant constitutes a lien against their interest in real or personal property (CPLR 5201, subd [b]). The absence of an interest in the currency by the employees renders the lien ineffectual as to the currency.
Morgan argues that if its right to the currency is not established, it nevertheless is entitled to its warehouseman’s lien, attorney’s fees, costs and expenses. Morgan’s efforts have been in its own self-interest to establish a right to the currency. Its recovery should be limited to its lien unless it is subsequently determined that it has a right to the total amount. Underlying the claim on the lien must be an establishing of the bailment.
Motion for partial summary judgment granted against the District Attorney of New York County, the State Tax Commission, and the State Comptroller pursuant to CPLR 3212 and by default against Raymond Hart, Terrance Hart, Lorraine Hart, Catherine Hart, Richard Lynch, Alice Lynch and John Hughes pursuant to CPLR 3215.
Motion and cross motion for summary judgment by Morgan and the police department against each other are denied.