807 P.2d 62

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Daniel EVANS, Defendant–Appellant.**

**No. 18290.**

Court of Appeals of Idaho.

Jan. 4, 1991.

Rehearing Denied Feb. 28, 1991.

Petition for Review Denied April 3, 1991.

Michael J. Wood and Lisa A. Barini–Garcia (argued), Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Daniel Evans was convicted by a jury of second degree burglary following his attempt to redeem a falsified recycling ticket. Evans contends that the district court erred by refusing to inform the jury on the law supporting his theory of the case. Evans also avers that the court erroneously instructed the jury on theft by deception. As explained below, we vacate the judgment of conviction and remand the case to the district court for a new trial.

The undisputed facts are as follows. On February 1, 1989, Daniel Evans entered the Hamilton Manufacturing building in Twin Falls, Idaho, during its business hours, with a recycling ticket. The ticket appeared to indicate that the American Recycling Company, located in the building, received aluminum cans worth $76.95 and would pay the ticket owner that amount upon presentation of the ticket. The ticket did not identify the person who turned in the cans. Evans presented the ticket at the recycling company's office. However, the office personnel noted several irregularities concerning some of the ticket's markings and, believing it to be falsified, called the police while Evans waited for his money. A police investigator responded at the scene and questioned Evans concerning the ticket. He then arrested Evans and transported him to the Twin Falls police station, where Evans was charged with second degree burglary. While at the station, Evans wrote out a statement indicating that he had found the recycling slip in the street near his house, and that he and a friend had decided to get some money for it. He also stated that he had accomplished the same thing on three other occasions.

Evans was tried before a jury and convicted of second degree burglary. Appealing from the judgment of conviction, Evans contends that the court erred in refusing to give his proposed instruction on theft by acquiring lost property. He also maintains that the evidence produced at trial was not sufficient to support the court's instruction on theft by deception.

I

We turn first to Evans' argument concerning the refused instruction. Evans

asserts that the court erred in failing to give the requested instruction on the law supporting his defense. A defendant is entitled to an instruction on his legal theory of the case where there is some evidence in support of that theory. *State v. Spurr,* 114 Idaho 277, 755 P.2d 1315 (Ct.App.1988). Idaho Code § 19–2132 further requires that the trial court give pertinent instructions by which the jury may be correctly informed with respect to the nature and elements of the crime charged and any essential legal principles applicable to the evidence admitted. *State v. Beason,* 95 Idaho 267, 506 P.2d 1340 (1973). Refusal of a defendant's requested instruction which supports his theory of the case is error where the instruction is a proper statement of the law, is supported by the evidence, does not impermissibly comment on the evidence and is not adequately covered by other jury instructions. *State v. Johns,* 112 Idaho 873, 880–81, 736 P.2d 1327, 1334–35 (1987). In determining whether a requested instruction should have been given, the reviewing court must examine the instructions that were given and the evidence that was adduced at trial. *State v. Johns,* at 881, 736 P.2d at 1335.

■■■ The state had alleged that Evans committed burglary by entering a building with intent to commit theft. I.C. § 18–1401. The gravamen of that offense is that entry was made with the specific intent to commit the crime of theft. *State v. Polson,* 81 Idaho 147, 339 P.2d 510 (1959). The court instructed the jury on the definition of theft pursuant to I.C. § 18–2403(1), which provides:

A person steals property and commits theft when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.

Evans' theory of defense was that he lacked the requisite intent to commit theft, when, with ignorance of the ticket's falsity, he attempted to redeem "found" property which was rightfully in his possession. Evans requested the court to instruct the jury on the law, as set forth in I.C. § 18–2403,

that a person commits theft by acquiring lost property when he:

exercises control over property of another which he knows to have been lost or mislaid, or to have been delivered under a mistake as to the identity of the recipient or the nature or amount of the property, without taking reasonable measures to return such property to the owner; or a person commits theft of lost or mislaid property when he:

1. Knows or learns the identity of the owner or knows, or is aware of, or learns of a reasonable method of identifying the owner; and

2. Fails to take reasonable measures to restore the property to the owner; and

3. Intends to deprive the owner permanently of the use or benefit of the property.

I.C. § 18–2403(2)(c). Evans insists that it was essential to his defense that the jury be informed of the law concerning whether and when the appropriation of lost property constitutes theft, and that the court erred in refusing the instruction. We agree.

We begin our discussion by noting that the statute defining theft by acquiring lost property draws no distinction between the various types of property, such as goods, instruments, or chattel paper. The recycling ticket in question, while tangible property itself, is really a token, representative of the rights to a specific sum of money owed by the recycling company to the ticket owner and payable upon presentation of the ticket. It is well established at common law that one who finds and appropriates lost property acquires a complete right thereto against all the world except the true owner. *Morgan and Bros. Manhattan Storage Co. v. McGuire,* 114 Misc.2d 951, 452 N.Y.S.2d 986 (1982); *Campbell v. Cochran,* 416 A.2d 211, 221 (Del.1980); *Paset v. Old Orchard Bank & Trust Co.,* 62 Ill.App.3d 534, 19 Ill.Dec. 389, 378 N.E.2d 1264 (1978). *See also* 36A C.J.S. *Finding Lost Goods* § 5 (1961); 1 Am.Jur.2d, *Abandoned, Lost and Unclaimed Property,* § 19 (1962). In general, the character of the thing found does not affect the proper-

ty rights of the finder. However, should the finder know or have reasonable means of discovering the true owner, he must do so or he may be guilty of larceny. *See, e.g.,* 1 Am.Jur. *Abandoned, Lost and Unclaimed Property,* § 28.

■ Idaho criminal law embodies this principle, providing that a person may be held criminally liable for theft "when he exercises control over property of another which he knows to have been lost or mislaid ... *without taking reasonable measures to return the property to the owner.*" I.C. § 18–2403(2)(c) (emphasis added). Hence, with respect to lost property, the taking or withholding of such property is not "wrongful" under I.C. § 18–2403 *unless* it is determined that the finder failed to take reasonable measures to return the property to its true owner. Here, the found property contained nothing to identify the true owner: the name of the owner was not on it, the ticket was not dated, nor did it evidence that it was one in a numbered series of tickets. Thus, if the jury determined that Evans had found the ticket and that there was no apparent means of returning the ticket to the person who lost it, Evans would be entitled to a defense verdict. Yet, the absence of any instruction informing the jury on the applicable law nevertheless improperly permitted the jury to conclude that it was "wrongful" for Evans to obtain or withhold lost property belonging to another, and that Evans intended to commit theft by trying to appropriate the found ticket for himself. The record discloses that the instruction was supported by substantial evidence, and that the instructions given did not inform the jury of the law applicable to the appropriation of lost property. We further conclude that the instruction was not an improper comment on the evidence. Consequently, we hold that the court's refusal to instruct the jury as requested deprived Evans of his right to fairly present his defense. *See State v. Cronk,* 78 Idaho 585, 307 P.2d 1113 (1957). Accordingly, we hold that the district court committed reversible error in refusing to give the instruction. We therefore vacate the judgment of conviction and remand the case for a new trial.

## II

■ Because this case is being remanded, we will address the additional issues raised by this appeal, for guidance to the district court on retrial. I.C. § 1–205. Evans asserts that the trial court erred in instructing the jury on theft by deception, contending that the evidence presented to the jury was insufficient to support a finding under that theory. The trial court gave the following instruction concerning theft, as provided by I.C. § 18–2403:

Theft includes a wrongful taking, obtaining or withholding of another's property, with the intent prescribed in subsection (1) of this section, committed in any of the following ways:

(a) By deception obtains or exerts control over the property of the owner.

Evans contends that the state produced no evidence from which a jury reasonably could find that he knew, or reasonably should have known, that the tickets had been falsified, and therefore the instruction on theft by deception was improper. We note that it is error to instruct the jury on a legal theory, of either the defense or of the prosecution, which is unsupported by substantial evidence. *See Kuhn v. Dell,* 89 Idaho 250, 404 P.2d 357 (1965).

The thrust of the state's case was that Evans entered Hamilton Manufacturing with the intent to obtain money for a recycling ticket he knew to be false. The record contains substantial evidence from which a jury reasonably could find that Evans was in possession of a forged ticket. The evidence presented by the state indicates that Evans gave verbal statements contradicting his written statement that he found the ticket. The officer who questioned Evans at Hamilton Manufacturing testified that Evans initially explained that he had received the ticket when he turned in some aluminum cans to a recycling company employee. The officer further testified that while he was transporting Evans to the police station, Evans made a spontaneous statement that he found the ticket, and that no one else was involved in his

plan to turn in the ticket. Evans' written statement indicates that he and a friend decided to exchange the ticket for money. We observe that the state presented no direct evidence showing that Evans knew the ticket was false. However, we hold that the circumstantial evidence presented was sufficient from which a reasonable jury could conclude that Evans was not ignorant of the ticket's falsity. While this is not the only inference which may be drawn, it is one permitted by the evidence. Moreover, the record reveals that the court gave appropriate instructions, distinguishing between direct and circumstantial evidence, and the appropriate uses of such evidence in determining the defendant's guilt. *See State v. Stoddard,* 105 Idaho 533, 670 P.2d 1318 (Ct.App.1983). We conclude that the trial court did not err in instructing the jury on theft by deception.

### III

Finally, we observe from our review of the instructions provided to the jury that the district court included boiler-plate language defining "general criminal intent." Such an instruction is inapplicable to the offense charged in this case. Burglary is a specific intent crime, I.C. § 18–1401; *State v. Williams,* 103 Idaho 635, 635, 651 P.2d 569 (Ct.App.1982), *overruled on other grounds, State v. Pierce,* 107 Idaho 96, 685 P.2d 837 (1984); *State v. Cronk,* 78 Idaho 585, 307 P.2d 1113 (1957). The crime of theft also requires proof of specific intent. I.C. § 18–2403; *State v. Henderson,* 113 Idaho 411, 413, 744 P.2d 795 (Ct.App.1987). On retrial, the instruction on general intent should not be given.

The judgment of conviction is vacated. The case is remanded to the district court for a new trial consistent with this opinion.

SWANSTROM and SILAK, JJ., concur.