849 P.2d 125

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael ENYEART, Defendant–Appellant.**

**No. 19496.**

Court of Appeals of Idaho.

March 15, 1993.

Petition for Review Denied April 23, 1993.

Bruce H. Greene, Sandpoint, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for plaintiff-respondent. Douglas A. Werth argued.

SILAK, Acting Judge.

A jury found Michael Enyeart guilty of felony injury to a child. I.C. § 18–1501(1). Enyeart took his son to a rock concert where his son drowned in a pond at the site. Enyeart appeals the judgment of conviction claiming the trial court's decision to allow opinion testimony which indicated Enyeart was under the influence of LSD was error. Enyeart also appeals the court's decision to give the jury an instruction on felony injury to a child. We affirm.

## BACKGROUND AND PRIOR PROCEDURE

On the afternoon of July 22, 1990, Enyeart took his two children to an outdoor rock concert in northern Idaho. A man-made pond was near the bandstand. The pond, up to eight feet deep, had a dock extending into it where children, including Enyeart's son Christian, about four years old, and adults played during the day. At the close of the concert a young woman found Christian floating lifeless in the pond. Efforts to revive the boy failed.

Enyeart had been drinking heavily and smoking marijuana. A videotape of the concert showed Enyeart dancing wildly about the grounds while his two children were left unsupervised. Christian had been taken twice to the bandstand by an adult who found him alone; announcements were made in an attempt to locate Christian's parent. During most of the afternoon Christian was seen playing in the pond unattended.

Eric Bowman, an emergency medical technician (EMT), was seated near Enyeart and testified that Enyeart drank heavily all afternoon. Because of his close proximity, Bowman observed that Enyeart's pupils were dilated, his eyes were jerky, and his body moved in a jerky and shaky manner— not in a manner resembling a person who had consumed the amount of alcohol Enyeart had. Additionally, Bowman knew that there was LSD at the concert. From his observations and knowledge Bowman concluded that Enyeart, in his opinion, was also under the influence of LSD. Enyeart objected to the opinion for lack of foundation. The trial court overruled, finding sufficient foundation in Bowman's personal experience with LSD in the past, his EMT training, and his description of Enyeart's appearance.

At the end of trial the court instructed the jury on felony injury to a child, I.C. § 18–1501(1), and misdemeanor injury to a child, I.C. § 18–1501(2). Enyeart objected to the felony instruction, claiming the state had not produced sufficient evidence to show a circumstance or condition that was likely to produce great bodily harm. The court denied Enyeart's request to exclude the felony instruction. The jury found Enyeart guilty of felony injury to a child and this appeal followed.

## OPINION TESTIMONY

■ Enyeart first claims that Bowman's opinion was inadmissible and is reversible error. On appeal Enyeart is limited to issues properly preserved through a specific and timely objection to the evidence at trial. I.R.E. 103. Enyeart properly objected to the opinion testimony based upon a lack of foundation. Initially we note our standard of review. Admissibility of opinion testimony is discretionary with the trial court. Absent an abuse of discretion the decision to admit opinion evidence will not be disturbed on appeal. *See State v. Missamore*, 119 Idaho 27, 32, 803 P.2d 528, 533 (1990); *State v. Curry*, 103 Idaho 332, 339, 647 P.2d 788, 795 (Ct.App.1982). Generally, a trial court may allow a lay witness to state an opinion about a matter of fact within his or her knowledge, so long as two conditions are met. First, the witness' opinion must be based on his or her perception; and second, the opinion must be helpful to a clear understanding of the witness' testimony or a determination of a fact in issue. I.R.E. 701; *see State v. Rosencrantz*, 110 Idaho 124, 714 P.2d 93 (Ct.App.1986).

■ Because Enyeart preserved on appeal only the foundational objection, we do not reach the question of the testimony's helpfulness. The admissibility of the challenged testimony turns upon its underlying factual basis, not upon its opinion format. *See* REPORT OF THE IDAHO STATE BAR EVIDENCE COMMITTEE, Comments to Rule 701, p. 4 (1983 and 1985 Supp.). A witness must "first give the factual information upon which his [or her] opinion or inference is formed." GEORGE M. BELL, HANDBOOK OF EVIDENCE FOR THE IDAHO LAWYER, Comments to Rule 701, p. 228 (3rd ed. 1987). The record shows that Bowman 1) had personal knowledge of LSD's effects and knew that it was present at the concert; 2) observed Enyeart throughout the afternoon from very close range; and 3) testified as to Enyeart's physical condition and actions. This factual testimony formed the foundational basis for Bowman's opinion that Enyeart was under the influence of LSD. Because there was sufficient factual basis for the opinion we hold that the trial court did not abuse its discretion in admitting the opinion.

## JURY INSTRUCTION

■ Enyeart's second claim of error is that there was insufficient evidence to support an instruction on the charge of felony

injury to a child. The challenged instruction read as follows:

## INSTRUCTION NO. 14

In order for the Defendant to be guilty of FELONY INJURY TO A CHILD under I.C. § 18–1501(1), the State must prove each of the following elements beyond a reasonable doubt:

1. That the defendant,

2. on or about July 22, 1990,

3. in Bonner County, Idaho,

4. had the care or custody of Christian Enyeart, and

5. under circumstances or conditions likely to produce great bodily harm or death,

6. willfully caused or permitted the person or health of Christian Enyeart, a child, to be injured,

### OR

7. willfully caused or permitted Christian Enyeart, a child, to be placed in such situation that its person or health was endangered.

If each of the above elements numbered one (1) through (5) and either six (6) or seven (7) has been proved beyond a reasonable doubt, you must find the Defendant guilty of FELONY INJURY TO A CHILD.

If any one of the above elements numbered one (1) through five (5) has not been proved beyond a reasonable doubt, or if the State has proved elements one (1) through five (5) but has not proved either six (6) or seven (7) beyond a reasonable doubt, then you must find the Defendant not guilty of FELONY INJURY TO A CHILD.

"A trial judge is required to charge the jurors with 'all matters necessary for their information' so that the jury may be correctly informed with respect to the nature and elements of the crime charged and any essential legal principles applicable to the evidence admitted." *State v. Kodesh,* 122 Idaho 756, 758, 838 P.2d 885, 887 (Ct.App. 1992) (citing *State v. Evans,* 119 Idaho 383, 385, 807 P.2d 62, 64 (Ct.App.1991); I.C.

§ 19–2132(a)). A jury instruction should not be given if it is not supported by substantial evidence at trial. *Evans,* 119 Idaho at 386, 807 P.2d at 65 (citing *Kuhn v. Dell,* 89 Idaho 250, 258, 404 P.2d 357, 362 (1965)); *Everton v. Blair,* 99 Idaho 14, 16, 576 P.2d 585, 587 (1978).

Enyeart argues that element five of instruction fourteen was in error because the mere existence of a pond was not likely to cause great bodily harm. Enyeart takes too narrow a view of the facts; the existence of a deep pond in close proximity to the bandstand must be viewed in combination with Enyeart's personal activities. We hold that these combined circumstances and conditions present sufficient evidence for the jury to decide if the combination created the likelihood a child could suffer great bodily harm.

Enyeart further argues that the circumstance or condition must be "ultrahazardous," and that a pond does not qualify as such. This argument, however, would add an additional requirement to the statute which we do not find in its language. *See State v. Ankney,* 109 Idaho 1, 6, 704 P.2d 333, 338 (1985) (words of a statute are to be given their plain, usual and obvious meaning). Accordingly, we reject the contention that the circumstance or condition must be "ultrahazardous."

Enyeart also claims instruction fourteen was erroneous because it contained both elements six and seven. Enyeart argues that no evidence was produced to show he actually caused or injured Christian directly, thus element six was erroneously given. Again Enyeart reads the instruction too narrow; element six allows conviction upon a person willfully *permitting* a child to be injured. Evidence showed that Enyeart permitted the conditions that injured Christian to exist. However, even if we were to agree with Enyeart, the state points out that the United States Supreme Court has addressed the issue of multiple alternative elements in a jury instruction. *Griffin v. United States,* — U.S. —, —, 112 S.Ct. 466, 474–75, 116 L.Ed.2d 371, 383 (1991); *accord Turner v. United States,* 396 U.S. 398, 420, 90

S.Ct. 642, 654, 24 L.Ed.2d 610, 625 (1970) ("The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive ... the verdict stands if the evidence is sufficient with respect to any one of the acts charged."). Enyeart cites no case in which a general verdict has been set aside because one of the possible bases of conviction was unsupported by sufficient evidence. These cases do require this Court to review the record to determine if every alternative element was supported by sufficient evidence. Our review of the record indicates, and Enyeart does not dispute, that there was sufficient evidence to support element seven, therefore, we hold that jury instruction fourteen was not erroneous. However, we do note, as the Supreme Court did in *Griffin*, —— U.S. at ——, 112 S.Ct. at 474–75, 116 L.Ed.2d at 383, that "it would generally be preferable for the court to give an instruction removing that theory from the jury's consideration" if there was insufficient evidence to support the conjunctive theory.

In conclusion, the trial court did not abuse its discretion by allowing the opinion testimony, nor did the court err when it gave jury instruction fourteen. We affirm the judgment of conviction.

WALTERS, C.J., and SWANSTROM, J., concur.