21 P.3d 498

STATE of Idaho, Plaintiff–Respondent,

v.

Federico M. CORTEZ, Defendant–Appellant.

No. 23424.

Court of Appeals of Idaho.

March 7, 2001.

Anderson, Kane Tobiason, Boise, for appellant. Michael J. Kane, argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney

General, Boise, for respondent. Kenneth K. Jorgensen, argued.

PERRY, Judge

Federico M. Cortez appeals from a judgment of conviction entered pursuant to a jury verdict finding him guilty of felony injury to a child. I.C. § 18–1501(1). For the reasons stated below, we affirm.

## I.

## BACKGROUND

Federico M. Cortez began living with the mother of a two-year-old girl on September 1, 1995. On the evening of September 19, Cortez watched the child for approximately six hours while the mother visited a friend. Shortly after 7:00 a.m. the next morning the child was found to be unresponsive and was taken to a hospital. While attempting to treat the child, the doctors discovered that she had sustained retinal hemorrhaging and severe brain damage consistent with shaken-baby syndrome. The child died four days later. Based on medical evidence, the doctors determined that her injuries were inflicted sometime during the twenty-four hours prior to her hospital admission.

Cortez was arrested and charged with felony injury to a child. A jury trial was held, and Cortez was found guilty. Cortez was sentenced to a unified term of five years, with a one-year minimum period of confinement. Cortez appeals, challenging the sufficiency of the evidence, the district court's refusal to give a proposed jury instruction, allegedly improper statements made by the prosecuting attorney during closing argument, and the exclusion of a witnesses' testimony at sentencing.

## II.

## ANALYSIS

### A. Sufficiency of the Evidence

Cortez challenges the sufficiency of the evidence to support the jury's finding of guilt for felony injury to a child. Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito,* 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); *State v. Knutson,* 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson,* 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker,* 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito,* 131 Idaho at 385, 957 P.2d at 1101; *Knutson,* 121 Idaho at 104, 822 P.2d at 1001. Where, as here, the defendant presents evidence after denial of a motion to acquit, this Court will review all of the trial evidence, including the evidence offered by the defendant, to determine whether it is sufficient to support the jury's verdict. *State v. Brown,* 131 Idaho 61, 71, 951 P.2d 1288, 1298 (Ct.App.1998); *State v. Henninger,* 130 Idaho 638, 640, 945 P.2d 864, 866 (Ct.App.1997).

The offense with which Cortez was charged is defined in I.C. § 18–1501 as follows:

(1) Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such a situation that its person or health is endangered....

Cortez asserts that there was insufficient evidence to support a verdict of guilty under the theory that he willfully inflicted the child's injuries. In support of this assertion, Cortez attempts to utilize the testimony of two jurors who testified at his sentencing hearing. One of the jurors testified that she believed the child's mother had inflicted the

injuries on the child and stated that none of the jurors believed Cortez had inflicted the child's injuries.

■ The testimony of the two jurors was introduced by Cortez and admitted by the district court for the limited purpose of mitigation. Cortez is now attempting to use this testimony to challenge the sufficiency of the evidence presented at trial. Thus, Cortez is attempting to use juror testimony admitted for the purpose of mitigation to attack the validity of the verdict. Idaho Rule of Evidence 606(b) explicitly bars the use of juror testimony to attack or inquire into the validity of a verdict or indictment.

■ Cortez argues that the state is barred from objecting to his use of the juror's testimony to challenge the sufficiency of the evidence. Cortez asserts that the state waived its right to object to this testimony pursuant to Rule 606(b) when it failed to do so at the sentencing hearing. Cortez was not offering the testimony to attack the jury's verdict, however, and the district court has never ruled on its admissibility for that purpose. We conclude that a party's failure to object to testimony offered for one purpose during one proceeding does not prohibit that party from later objecting to the use of the same testimony when it is offered for a completely different and improper purpose.[1] Thus, this Court will not consider this evidence on appeal in support of Cortez's position. Counsel for Cortez conceded at oral argument that, in the absence of the juror's testimony from sentencing, the evidence presented at trial was sufficient to support a verdict of guilty on the theory that he willfully inflicted the child's injuries. We agree. Therefore, we conclude that there was sufficient evidence to support the jury's verdict under the theory that Cortez willfully inflicted the child's injuries.

Cortez also argues that the state submitted no evidence in support of its theory that Cortez permitted the child to suffer. Based on this alleged lack of evidence, Cortez contends that there was insufficient evidence to support a jury verdict of guilty under this theory. Because the jury was instructed that it could find Cortez guilty if it found either that he had willfully inflicted the child's injuries, or willfully caused or permitted the child to suffer, Cortez asserts that the jury's verdict is ambiguous.

■ A review of the record reveals that the jury rendered a general verdict.[2] As this Court has previously held, a general verdict is not reversible where one of the possible bases of conviction was unsupported by sufficient evidence. *State v. Enyeart*, 123 Idaho 452, 456, 849 P.2d 125, 129 (Ct.App.1993). Thus, in cases involving a general verdict, the inquiry on appeal becomes whether there was sufficient evidence to uphold any one of the bases of conviction. We note that it would generally be preferable for the district court to give an instruction removing a theory from the jury's consideration if there was insufficient evidence to support that conjunctive theory. *See id.* However, contrary to Cortez's assertion, a failure to do so does not result in a new trial. As discussed above, the evidence was sufficient to find Cortez guilty under the theory that he willfully inflicted the child's injuries. Therefore, we conclude that there was substantial and competent evidence to support the general jury verdict of guilty for felony injury to a child.

## B. Jury Instruction

■ Cortez argues that the district court erred by refusing to give his proposed jury instruction defining the word "permit." The question whether the jury has been

---

1. For example, a party's failure to object to prior bad act evidence admitted in the form of impeachment evidence does not preclude that party from later objecting to the evidence when the evidence is submitted in the form of character evidence.

2. The jury verdict form asked the jury to provide a unanimous answer to the following question: "Is Federico M. Cortez guilty or not guilty of Injury to a Child?" If the jury answered the first question in the affirmative, the verdict form instructed the jury to provide a unanimous answer to a second question regarding whether "Cortez's commission of the crime of Injury to a Child occur[ed] under circumstances or conditions likely to produce great bodily harm or death to the child." The verdict form did not provide, however, a means for the jury to specifically differentiate between the alternate possible bases for rendering its guilty verdict.

properly instructed is a question of law over which we exercise free review. *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App. 1993).

 If the requested jury instruction is either an erroneous statement of the law, adequately covered by other instructions, or not supported by the facts of the case, the instruction need not be given. *State v. Eastman*, 122 Idaho 87, 89, 831 P.2d 555, 557 (1992). In addition, ordinary words used in the sense in which they are generally understood need not be defined in jury instructions. *See State v. Zichko*, 129 Idaho 259, 264, 923 P.2d 966, 971 (1996); *State v. Gonzales*, 92 Idaho 152, 158, 438 P.2d 897, 903 (1968); *State v. Gomez*, 126 Idaho 700, 705, 889 P.2d 729, 734 (Ct.App.1994); *State v. Greensweig*, 102 Idaho 794, 799, 641 P.2d 340, 345 (Ct.App.1982).

 In his appellant's brief, Cortez concedes that the word "permit" is a word of common understanding. However, Cortez asserts that there are two mutually exclusive methods of permitting an act. Cortez argues that a person may permit an act either by acquiescing to the act by failing to prevent the act from being committed, or by "expressly assenting or agreeing to the doing of" the act. Cortez contends that the "proffered jury instruction would have forced the prosecutor to elect which of the two theories to prosecute [Cortez] under." Cortez's proposed jury instruction read: "You are instructed that to 'permit' an act means one has the ability to stop some act prior to its commission." Pursuant to Idaho law, terms that are of common usage and are generally understood need not be further defined when instructing the jury. *See Zichko*, 129 Idaho at 264, 923 P.2d at 971; *Gonzales*, 92 Idaho at 156, 438 P.2d at 901. As stated by the preface to the Idaho Criminal Jury Instructions, "the irresistible impulse to define words of ordinary English is unfortunately pervasive. It should be curbed." We conclude that the word "permit" falls within the class of ordinary words for which no additional definition is required. Furthermore, the prosecution was not required to prove as an element of its case which of Cortez's "two theories of permit" applied to the facts in the instant case. Thus, we agree with the district court that the proposed jury instruction was unnecessary as "permit" is a word of common understanding when used within the statutory context of this case. Therefore, we hold that Cortez has failed to show that the district court erred in denying his proposed jury instruction.

## C. Prosecutorial Misconduct

 Cortez also contends that the prosecutor's comments during closing arguments violated his right to due process. Cortez failed to object to the prosecution's remarks during closing arguments at trial. Therefore, only if the remarks constitute fundamental error is Cortez entitled to relief. *See State v. Dunn*, 134 Idaho 165, 171, 997 P.2d 626, 632 (Ct.App.2000). Prosecutorial misconduct during closing arguments will constitute fundamental error only if the comments were so egregious or inflammatory that any consequent prejudice could not have been remedied by a ruling from the trial court informing the jury that the comments should be disregarded. *State v. Smith*, 117 Idaho 891, 898, 792 P.2d 916, 923 (1990).

During closing argument, the prosecutor made the following arguments to the jury:

When the defense talks about injustice, let's look at what injustice could be. In the Cortez trial the defense says, "[the child's mother] did it, so let's let Cortez off. And here's how [the child's mother] did it." So he gets to walk. And then in [the child's mother's] trial, the defense says, "Cortez did it. Look at all this evidence. She was up in Sandpoint." How could [s]he have done it, and [s]he gets to walk, and nobody's responsible for what happened to [the child].

What I'm asking you to do is focus on the defendant. We have proved that he is responsible, and we're also going to prove [the child's mother] is responsible for hurting that child in a situation where it was likely to cause great bodily harm. She's

responsible as well. And I'm asking you to do the first half of that justice formula.

. . . .

So, you do the first formula of the justice, please, and hold him responsible.

Cortez asserts that these statements amounted to an attempt by the prosecutor to "offer the jury a deal" and that these actions therefore deprived Cortez of his constitutional right to due process.

■ The prosecution is afforded considerable latitude during closing arguments. However, this latitude is not without limits. The prosecutor's statements attempted to place before the jury facts which went beyond the evidence presented at trial. Furthermore, we agree with Cortez that the above quoted portions of the prosecutor's closing arguments improperly presented the jury with the hypothetical possibility that neither Cortez nor the child's mother would be held responsible for the child's injuries, thus amounting to a "justice formula."

■ However, our conclusion that this component of the closing argument constituted prosecutorial misconduct is not the end of our inquiry. Such misconduct will require reversal only if it amounts to fundamental error. After reviewing the prosecutor's comments we conclude that they were not so egregious and inflammatory that an objection and curative instruction could not have remedied their prejudicial effect. Therefore, we hold that Cortez has failed to show that the prosecutor's remarks rose to the level of fundamental error.

**D. Introduction of Testimony at Sentencing**

Finally, Cortez argues that the district court erred in refusing to allow him to introduce at sentencing testimony from the former attorney of the child's mother concerning statements made by the child's mother to this attorney in the presence of Cortez. Cortez argues that these statements were potentially exculpatory and may have persuaded the district court to impose a lesser sentence.

■ We first note that the district court has broad discretion in determining what evidence is to be admitted at a sentencing

hearing. *State v. Viehweg*, 127 Idaho 87, 92, 896 P.2d 995, 1000 (Ct.App.1995). After hearing arguments from both sides on the issue, the district court excluded the testimony on the ground that it was protected under the attorney-client privilege. Cortez does not contest that the testimony he attempted to introduce involved statements made by the child's mother to her former attorney or that at the time these statements were made he and the child's mother were consulting the lawyer in common. Furthermore, a review of the sentencing transcript reveals that the attorney for the child's mother was present and objected to the introduction of the challenged testimony. Nevertheless, Cortez asserts that this testimony was not protected under the attorney-client privilege because the joint-client exception to the attorney-client privilege applied.

■ Idaho Rule of Evidence 502(d) lists the joint-client exceptions to the attorney-client privilege. Idaho Rule of Evidence 502(d)(5) specifically provides that the attorney-client privilege will not apply "to a communication relevant to a matter of common interest between or among two or more clients if the communication was made by any of them to a lawyer retained or consulted in common, when offered in an action between or among any of the clients." Thus, Rule 502(d)(5) applies to situations in which communications are made to an attorney by joint clients regarding a matter of common interest (*e.g.* a contract), and then that matter of common interest later becomes the subject of an action between the joint clients. The testimony Cortez sought to introduce related to a conversation involving himself, the child's mother, and an attorney whom they were consulting in common. The content of that conversation pertained to the participation of both he and the child's mother in the offense charged. The attorney-client privilege applies to communications between a defendant and his or her attorney, even though other defendants may be present due to the existence of a relationship of joint consultation. *See People v. Kor*, 129 Cal.App.2d 436, 442, 277 P.2d 94, 98 (1954); *People v. Abair*, 102 Cal.App.2d 765, 771, 228 P.2d 336, 340 (1951); *State v. Cascone*, 195

Conn. 183, 186, 487 A.2d 186, 189 (1985). Thus, we conclude that Rule 502(d)(5) is inapplicable to the facts of this case. As held in *Kor*, under these circumstances the communications of each defendant with his attorney were privileged, even though the other defendant was present when the communications were made. *Kor*, 277 P.2d at 98. Therefore, Cortez has failed to show that the district court erred in refusing to admit the requested testimony on the basis that it was protected under the attorney-client privilege.

## III.

## CONCLUSION

We conclude that there was substantial and competent evidence to support the jury's verdict of guilty for felony injury to a child. Furthermore, we hold that Cortez has failed to show that the district court erred in denying his proposed jury instruction, that the prosecutor's statements during closing argument rose to the level of fundamental error, or that the district court erred in refusing to admit testimony at sentencing. For the reasons stated above, Cortez's judgment of conviction is affirmed.

Judge Pro Tem KERRICK concurs.

Chief Judge SCHWARTZMAN, specially concurring.

I concur in the opinion of this Court. I write only to note this Court's simultaneous issuance, on today's date, of our decision in *State v. Young,* Docket No. 25492, which I commend to the reader of this opinion with reference to part II. B. The *Young* decision deals with an interpretation of the word "willfully," as it relates to and modifies the word "permit," in establishing the requisite mental element under the injury to child statute.

Further than this, your Idaho Court of Appeals' jurist sayeth naught.