**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42462**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 771** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 30, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **KENNETH DEAN FLOWERDEW,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction for obstructing and resisting an officer and battery on certain personnel, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Kenneth Dean Flowerdew appeals from the judgment entered upon the jury verdict finding him guilty of obstructing and resisting an officer and battery on certain personnel. Specifically, Flowerdew argues the district court erred in overruling his objections to remarks that constitute prosecutorial misconduct. Additionally, Flowerdew argues the district court erred when it overruled his objections to the admission of a diagram offered as demonstrative evidence. Flowerdew maintains the diagram was irrelevant and, even if it were relevant, the prejudicial effect substantially outweighed its probative value. Flowerdew also argues that the cumulative error doctrine applies. He requests that this Court vacate the judgment of conviction and remand for a new trial. For the reasons explained below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Flowerdew was a passenger in a vehicle when Officer Cowell stopped the vehicle. United States Border Patrol Agent Grainger arrived at the scene shortly thereafter. While Flowerdew was outside of the vehicle, Officer Cowell looked through the open passenger door and observed a baggy containing a clear crystal substance. Officer Cowell informed Flowerdew that he was under arrest for possession of a controlled substance. Flowerdew responded, "What controlled substance?" Flowerdew then asked to see the controlled substance as Officer Cowell arrested him. When Officer Cowell declined, Flowerdew tensed up and elbowed Officer Cowell's chest. Flowerdew then ran from the scene. Agent Grainger and Officer Cowell chased after Flowerdew and wrestled him to the ground. During the struggle, Flowerdew kneed Officer Cowell's groin. Meanwhile, Sergeant Strangio arrived at the scene to assist. Officer Cowell left Agent Grainger and Sergeant Strangio with Flowerdew while Officer Cowell returned to the vehicle to conduct an additional search. During the search, he discovered a glass pipe and a second baggy containing a clear crystal substance. The State ultimately charged Flowerdew with obstructing and resisting an officer, battery on certain personnel, and possession of a controlled substance.

Before the jury trial, Officer Cowell drew a diagram of the vehicle and marked two red Xs and a red circle to indicate where he observed two baggies containing clear crystal substances and a baggy containing a glass pipe. The State sought to admit the diagram for illustrative purposes during Officer Cowell's testimony at trial. Flowerdew objected, but the district court overruled the objection and admitted the diagram.

Flowerdew also objected to various remarks the prosecutor made during closing argument. The district court overruled the objections. On appeal, Flowerdew maintains the remarks amount to prosecutorial misconduct. Flowerdew asserts that the accumulation of these errors, even if individually harmless, deprived him of a fair trial.

# II.

## ANALYSIS

### A.  Prosecutorial Misconduct

Flowerdew points to two specific instances of prosecutorial misconduct that occurred during the prosecutor's closing argument. First, he contends the prosecutor mischaracterized his

trial counsel's argument. Additionally, Flowerdew maintains the prosecutor argued facts not in evidence. Flowerdew's trial counsel objected on each instance. The district court overruled both objections, reasoning that it was closing argument. Flowerdew argues that the district court erred in overruling the objections, and the errors were not harmless.

The State argues that because defense counsel did not specifically object to the statements on the grounds that they amounted to disparaging comments, Flowerdew did not preserve the issue for appeal. An objection on one ground will not preserve for appeal a separate and different basis for objection not raised before the trial court. *State v. Higgins*, 122 Idaho 590, 597, 836 P.2d 536, 543 (1992); *State v. Armstrong*, 158 Idaho 364, 367, 347 P.3d 1025, 1028 (Ct. App. 2015). Where an objection has been found not to be preserved, the objection argued on appeal was either distinct from that raised below or the argument objected to below and on appeal was substantially different. *State v. Sheahan*, 139 Idaho 267, 277, 77 P.3d 956, 966 (2003).

Here, however, the basis for the objection below was not separate, distinct, or different from Flowerdew's argument on appeal. At trial, defense counsel objected to the prosecutor's comments on the grounds that the statements misrepresented and mischaracterized defense counsel's argument. Flowerdew again argues that the prosecutor misrepresented defense counsel's argument which, in effect, was disparaging. Similarly, in *Sheahan*, the defendant objected to evidence at trial on the grounds of lack of foundation. *Id.* at 276-77, 77 P.3d at 965-66. On appeal, he argued that the evidence was inadmissible habit evidence. *Id.* at 276, 77 P.3d at 965. The Idaho Supreme Court held that "the objection at the trial court in this case was not specific but the foundation objection overlaps sufficiently with the habit evidence argument on appeal to preserve the objection." *Id.* at 277, 77 P.3d at 966. Here, too, the mischaracterization objection overlaps with the argument that the prosecutor disparaged defense counsel's argument. Accordingly, the issue was preserved for appeal.

While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, he or she is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct, we must keep in mind the realities of a trial. *State v. Ellington*, 151 Idaho 53, 62, 253 P.3d 727, 736 (2011); *Field*, 144 Idaho at 571, 165 P.3d at 285. Indeed, a fair trial is not necessarily a perfect trial. *Ellington*, 151 Idaho at 62, 253 P.3d

at 736; *State v. Enno*, 119 Idaho 392, 408, 807 P.2d 610, 626 (1991); *State v. Estes*, 111 Idaho 423, 428, 725 P.2d 128, 133 (1986).

This Court's analysis of claims of prosecutorial misconduct is determined by the presence or absence of a contemporaneous objection to the alleged misconduct. For alleged acts of prosecutorial misconduct resulting in a contemporaneous objection, this Court engages in a two-step analysis--first asking whether misconduct occurred and, if so, whether the misconduct was harmless. *State v. Perry*, 150 Idaho 209, 227, 245 P.3d 961, 979 (2010). A conviction will not be set aside for small errors or defects that have little, if any, likelihood of having changed the results of trial. *State v. Pecor*, 132 Idaho 359, 367-68, 972 P.2d 737, 745-46 (Ct. App. 1998). Where prosecutorial misconduct is shown, the test for harmless error is whether the appellate court can conclude, beyond a reasonable doubt, that the result of the trial would have been the same absent the misconduct. *State v. Severson*, 147 Idaho 694, 716, 215 P.3d 414, 436 (2009); *Field*, 144 Idaho at 572, 165 P.3d at 286; *Pecor*, 132 Idaho at 368, 972 P.2d at 746.

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *Sheahan*, 139 Idaho at 280, 77 P.3d at 969; *Phillips*, 144 Idaho at 86, 156 P.3d at 587.

Considerable latitude, however, has its limits, both in matters expressly stated and those implied. Closing argument should not mock or include disparaging comments about opposing counsel. *Sheahan*, 139 Idaho at 280, 77 P.3d at 969; *State v. Page*, 135 Idaho 214, 223, 16 P.3d 890, 899 (2000); *State v. Brown*, 131 Idaho 61, 69, 951 P.2d 1288, 1296 (Ct. App. 1998); *State v. Baruth*, 107 Idaho 651, 657, 691 P.2d 1266, 1272 (Ct. App. 1984). Nor should closing argument include disparaging comments about opposing counsel's argument. *State v. Timmons*, 145 Idaho 279, 290, 178 P.3d 644, 655 (Ct. App. 2007). In *Timmons*, the prosecutor stated during closing argument that "the defendant's argument that this is simply a case of going after somebody because their child doesn't dress well, doesn't have money, I think that argument speaks for

4

itself." *Id.* This Court determined that this comment disparaged defense counsel's argument and was therefore improper.[1] *Id.*

As the State notes, this Court has distinguished between comments that disparage a defense attorney personally and comments regarding defense theories. For instance, in *State v. Norton*, 151 Idaho 176, 188-89, 254 P.3d 77, 89-90 (Ct. App. 2011), we held that while prosecutors should not include disparaging comments about opposing counsel during closing argument, it was not prosecutorial misconduct to refer to the defense arguments as red herrings and smoke and mirrors.

Here, the prosecutor stated, "That's the argument is that we don't want Officers to investigate anything. We don't want them to protect the public. We don't want them to prevent crime." Defense counsel objected, claiming that the prosecutor's statements misrepresented defense counsel's argument. This Court agrees. Similar to the prosecutor in *Timmons*, the prosecutor in this case exaggerated and mischaracterized defense counsel's argument and, in doing so, disparaged defense counsel's argument. While the prosecutor did not personally disparage defense counsel, the prosecutor went above and beyond describing or commenting on the defense theories. Instead, the prosecutor created fictional theories and attributed them to defense counsel. Rather than merely describe the defense theories with terms such as "red herrings" or "smoke and mirrors" like the remarks in *Norton*, the prosecutor here blatantly exaggerated, misrepresented, and mischaracterized defense counsel's argument. The prosecutor suggested defense counsel condemns police investigation, protection of the public, and crime prevention. The remarks were therefore improper and amount to prosecutorial misconduct.

The next issue, then, is whether the prosecutorial misconduct was harmless. Again, the test here is whether the appellate court can conclude, beyond a reasonable doubt, that the result of the trial would have been the same absent the misconduct. We reach such a conclusion. Flowerdew asserts that the jury may have convicted him in part because it had an "emotional dislike of defense counsel's 'unreasonable' argument as a result of the prosecutor's misrepresentation of defense counsel's arguments." However, the jury heard Officer Cowell testify that Flowerdew kneed him. While neither of the other officers witnessed the kneeing,

---

[1] Defense counsel in *Timmons* did not object to the prosecutor's comment, however. *State v. Timmons*, 145 Idaho 279, 290, 178 P.3d 644, 655 (Ct. App. 2007). The error could have been cured by an objection and a jury instruction to base its verdict solely on the evidence presented at trial. *Id.*

Agent Grainger heard Officer Cowell cry out in pain. Moreover, Sergeant Strangio heard a blood-curdling scream. Based on this evidence, we conclude, beyond a reasonable doubt, that the result of the trial would have been the same absent the prosecutorial misconduct.

Additionally, closing argument should not refer to facts not in evidence. *Phillips*, 144 Idaho at 86, 156 P.3d at 587; *State v. Martinez*, 136 Idaho 521, 525, 37 P.3d 18, 22 (Ct. App. 2001); *State v. Cortez*, 135 Idaho 561, 565-66, 21 P.3d 498, 502-03 (Ct. App. 2001); *State v. Lovelass*, 133 Idaho 160, 169, 938 P.2d 233, 242 (Ct. App. 1999). Flowerdew maintains the prosecutor argued facts not in evidence during closing argument when the prosecutor stated that "maybe the reason why he wanted the Officer to show him the methamphetamine because he wanted to take that methamphetamine and run with that methamphetamine."

As discussed, attorneys have considerable latitude in closing argument and may discuss the evidence and the inferences to be drawn therefrom. *Sheahan*, 139 Idaho at 280, 77 P.3d at 969; *Phillips*, 144 Idaho at 86, 156 P.3d at 587. In closing argument, the prosecutor is entitled to argue all reasonable inferences from the evidence in the record. *State v. Kuhn*, 139 Idaho 710, 715, 85 P.3d 1109, 1114 (Ct. App. 2003).

The trial record establishes that Officer Cowell, upon observing a bag with a clear crystal substance on the car floor, told Flowerdew he was under arrest for possession of a controlled substance. In response, Flowerdew asked, "What controlled substance?" Flowerdew then ran away from the scene. The prosecutor made a reasonable inference from the evidence in the record, arguing one reason as to why Flowerdew might ask to see the methamphetamine and then run from the scene. Moreover, defense counsel offered her own theory about Flowerdew's actions during closing argument--"one could also see how running would be a motivation for someone who's being falsely accused . . . ." Given the considerable latitude in closing argument, the prosecutor was permitted to respond with a reasonable inference from the evidence. Even if the prosecutor's comment amounted to misconduct, it was harmless because the jury acquitted Flowerdew on the possession of a controlled substance charge.

In sum, the district court erred by overruling Flowerdew's objection to the description of the defense's argument, but the error was harmless. The district court did not err in overruling Flowerdew's objection to the prosecutor's reasonable inference as to why Flowerdew may have run from the scene.

6

**B.      Diagram**

Next, Flowerdew argues the district court erred in overruling his objection to the admission of the diagram drawn by Officer Cowell. Flowerdew specifically contends that the diagram was irrelevant and prejudicial and therefore inadmissible.

Appellate courts review questions regarding admissibility of evidence using a mixed standard of review. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). First, whether the evidence is relevant is a matter of law that is subject to free review. *Field*, 144 Idaho at 569, 165 P.3d at 283. Second, we review the district court's determination of whether the probative value of the evidence outweighs its prejudicial effect for an abuse of discretion. *Stevens*, 146 Idaho at 143, 191 P.3d at 221. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Here, the State offered the hand-drawn diagram for illustrative purposes. Flowerdew maintains the diagram does not accurately depict the interior of the vehicle or Officer Cowell's view of the vehicle, since the diagram was drawn from a bird's-eye view and does not show everything that was inside the vehicle. However, accuracy is not the standard governing relevance of illustrative evidence; rather, the illustrative evidence must only be relevant to the witness's testimony. *Stevens*, 146 Idaho at 143, 191 P.3d at 221. For instance, in *State v. Raudebaugh*, 124 Idaho 758, 864 P.2d 596 (1993), the Idaho Supreme Court affirmed a trial court's decision to admit a diagram offered through the testimony of a police officer. The diagram depicted the defendant's living room. *Id.* at 764, 864 P.2d at 602. Although the diagram was not to scale, and although the police officer did not observe the entire living room from where he was standing at the scene, the diagram was admitted because it was offered for illustrative purposes and was relevant to the police officer's testimony. *Id.*

Similarly, here, the diagram was relevant to Officer Cowell's testimony. Officer Cowell testified about the location of the plastic baggies containing methamphetamine in the vehicle, and Flowerdew was charged with possession of a controlled substance. It is immaterial that the

7

diagram was drawn from a bird's-eye view. The diagram was properly admitted because it was relevant to Officer Cowell's testimony.

Flowerdew argues for a different standard--maintaining that the diagram must depict something that "a witness is unable, by means of words or gestures alone, to convey to a jury or court an accurate understanding of the physical facts with which his testimony is concerned . . . ." *Hook v. Horner*, 95 Idaho 657, 660, 517 P.2d 554, 557 (1973). However, that case is a civil case. Moreover, Flowerdew cites *Hook* out of context. The full quote is that "where a witness is unable, by means of words or gestures alone, to convey to a jury or court an accurate understanding of the physical facts with which his testimony is concerned, he may make a drawing or adopt a drawing of another, as a means of portraying to the court facts which are within his knowledge." *Id.* *Hook* does not stand for the proposition that an exhibit, such as a diagram, must depict something that the testifying witness is unable to convey to a jury through words or gestures. Rather, *Hook* explains that a witness may make a drawing to convey facts within his knowledge if words or gestures are insufficient. *Id.* Thus, the diagram in this case was not required to depict something that Officer Cowell was unable to convey to a jury through words or gestures. As discussed, the diagram need only be relevant to Officer Cowell's testimony. Moreover, in *Hook*, the Court found that the trial court properly rejected an exhibit because it was "not utilized to portray to the court facts within the knowledge of [the testifying witness]." *Id.* Here, however, Officer Cowell used the diagram to aid his testimony concerning facts within his knowledge--specifically, the location of the baggies containing methamphetamine that he discovered in the vehicle.

Flowerdew further argues that even if the diagram is relevant, its minimal probative value is substantially outweighed by its prejudicial effect on the jury. This Court is not persuaded that the district court abused its discretion in admitting the diagram over prejudicial concerns. Flowerdew asserts that the diagram was inaccurate. Such concerns, however, can be addressed through cross-examination of Officer Cowell. Flowerdew also asserts that the X marks on the diagram were prejudicial because they expressed Officer Cowell's conclusions about the contraband that he discovered. But the markings indicate mere physical location of items--not conclusions about whether Flowerdew possessed methamphetamine. Accordingly, the district court did not abuse its discretion in admitting the diagram over prejudicial concerns.

Even if the diagram was improperly admitted, the error is harmless. The jury acquitted Flowerdew on the possession of a controlled substance charge. Flowerdew, however, maintains that admitting the diagram served to bolster Officer Cowell's credibility.

The test here is whether this Court can find that the result would be the same without the alleged error. *State v. Almaraz*, 154 Idaho 584, 598, 301 P.3d 242, 256 (2013); *State v. Smith*, 159 Idaho 15, 27, 355 P.3d 644, 656 (Ct. App. 2015). Even without admitting the diagram, the result would be the same--the jury clearly found sufficient evidence of obstructing and resisting an officer and battery on certain personnel. Officer Cowell was not the only officer who testified, so Flowerdew's convictions did not hinge solely on Officer Cowell's testimony. Agent Grainger testified that he heard Officer Cowell cry out in pain, and Sergeant Strangio testified that he heard a blood-curdling scream. Moreover, the fact that the jury acquitted Flowerdew on the possession of a controlled substance charge, the only charge for which Officer Cowell's diagram was relevant, illustrates that the jury did not assign much significance to the diagram. Thus, while the diagram was properly admitted, any error from an improper admission would have been harmless.

## C.    Accumulated Errors

Lastly, Flowerdew contends that the cumulative error doctrine applies here, necessitating a reversal of his conviction. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Here, Flowerdew has demonstrated only one error--the prosecutor's mischaracterization of defense counsel's argument. Flowerdew has failed to demonstrate at least two errors, a necessary predicate to the application of the cumulative error doctrine.

### III.

### CONCLUSION

The district court erred in overruling an objection to the prosecutor's mischaracterization of defense counsel's closing argument. However, the error was harmless because we can conclude, beyond a reasonable doubt, that the result of the trial would have been the same absent the misconduct. The district court properly overruled an objection to the prosecutor's theory on why Flowerdew ran from the scene because the prosecutor did not argue facts that were not in

9

evidence. Flowerdew therefore failed to demonstrate prosecutorial misconduct. The district court did not err in ruling that the diagram drawn by Officer Cowell was relevant to Officer Cowell's testimony. And because the diagram was not prejudicial, the district court did not abuse its discretion in admitting the relevant diagram. Finally, Flowerdew failed to demonstrate at least two errors, so the cumulative error doctrine does not apply. Accordingly, we affirm Flowerdew's judgment of conviction.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.