886 P.2d 780

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dawn R. FETTERLY, Defendant–Appellant.**

No. 20820.

Court of Appeals of Idaho.

Nov. 1, 1994.

Petition for Review Denied Jan. 11, 1995.

Michael J. Wood, Public Defender, John A. Olson, Deputy Public Defender, Twin Falls, for appellant. John A. Olson argued.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent. Michael A. Henderson argued.

LANSING, Judge.

In this case, Dawn R. Fetterly was found guilty by a jury of the crime of wilful concealment. We are asked to decide whether the magistrate erred in refusing to give a requested jury instruction on the statutory definition of negligence. We conclude that the requested instruction was unnecessary and inappropriate, and we therefore affirm.

## FACTS

Dawn R. Fetterly (Fetterly) was shopping with her husband, her two young sons, and her mother-in-law, Barbara Parcell (Parcell), at a Shopko store. Parcell was in a wheelchair. After entering the store Fetterly and Parcell temporarily separated. When Fetterly rejoined Parcell in the men's department, Parcell had two hunting vests on her lap. Fetterly took one of the vests and put it behind Parcell's back so that it was concealed from view. Parcell put the other vest on the seat beneath her and sat on it. Fetterly then departed the store and went to her automobile in the parking lot. While Fetterly was in the parking lot, Parcell left the store without paying for the vests. Parcell and Fetterly were detained by store security personnel and were cited by police for petit theft. I.C. § 18–2407(2).

At trial the magistrate instructed the jury on the charged offense of petit theft and also on the lesser included offense of wilful concealment, I.C. § 18–4626(a).[1] Fetterly requested a jury instruction on the statutory definition of negligence as set forth in I.C. § 18–101(2),[2] but the magistrate refused the instruction. The jury acquitted Fetterly on the petit theft charge but found her guilty of wilful concealment. Fetterly appealed to the district court, claiming error in the magis-

trate's refusal of an instruction to define "negligence." The district court affirmed.

Fetterly asserts on appeal that her theory of the case was that she acted negligently, but not wilfully, in concealing the vests. At trial Fetterly testified that when Parcell asked her to put one vest behind Parcell's back, Fetterly was preoccupied with thoughts about the need to take her baby to the car for a diaper change rather than thinking about concealing the vest. Based upon this asserted evidence that her conduct was negligent rather than wilful, Fetterly contends the magistrate erred in refusing to instruct the jury on the statutory definition of negligence.

## ANALYSIS

 In determining whether a requested instruction should have been given, the reviewing court must examine the instructions that were given and the evidence that was adduced at trial. *State v. Johns*, 112 Idaho 873, 881, 736 P.2d 1327, 1335 (1987); *State v. Evans*, 119 Idaho 383, 385, 807 P.2d 62, 64 (Ct.App.1991). Whether the jury was properly instructed is a question of law over which the appellate court exercises free review. *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992).

 In Idaho, a trial judge must charge the jurors with "all matters of law necessary for their information." I.C. § 19–2132(a). Thus a defendant is entitled to instructions on rules of law material to the determination of the defendant's guilt or innocence. A requested instruction on governing law must be given where a reasonable view of the evidence would support the defendant's legal theory, *State v. Eastman*, 122 Idaho 87, 90, 831 P.2d 555, 558 (1992); *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *Evans*, 119 Idaho at 385, 807 P.2d at 64; where the subject is not adequately covered

1. I.C. § 18–4626(a) states in relevant part:
 Whoever, without authority, wilfully conceals the goods, wares or merchandise of any store or merchant, while still upon the premises of such store or merchant, shall be guilty of a misdemeanor. . . .

2. I.C. § 18–101(2) states:

The words "neglect," "negligence," "negligent," and "negligently," import a want of such attention to the nature of probable consequences of the act or omission as a prudent man ordinarily bestows in acting in his own concerns.

by other instructions given to the jury, *Evans,* 119 Idaho at 385, 807 P.2d at 64; *State v. Spurr,* 114 Idaho 277, 279, 755 P.2d 1315, 1317 (Ct.App.1988); and where the instruction does not constitute an impermissible comment on the evidence. *Johns,* 112 Idaho at 881, 736 P.2d at 1335; *State v. Patterson,* 126 Idaho 227, 880 P.2d 257 (Ct.App.1994). If the foregoing criteria are met, but the requested instruction incorrectly states the law, the trial court is "under the affirmative duty to properly instruct the jury." *Eastman,* 122 Idaho at 91, 831 P.2d at 559.

■ The instructions that were given in Fetterly's case adequately addressed the subject matter of the requested instruction. An explanation of the mental state, wilfulness, which is a requisite for guilt of the crime of wilful concealment, was given to the jury. The magistrate instructed the jury that in order to find Fetterly guilty of wilful concealment the jury would have to find the state had proven beyond a reasonable doubt that Fetterly had wilfully concealed goods or merchandise belonging to Shopko while still upon the premises of the store. The jury was given a definition of "wilfully" which was drawn from, but did not recite in its entirety, the definition in I.C. § 18–101(1).[3] These instructions are all that were required.

What Fetterly presents as her "theory of the case"—that she did not act wilfully in concealing the vests but was merely negligent—is not a legal theory or defense predicated upon points of law distinct from or in addition to the law defining the offense of wilful concealment. Rather, the essence of Fetterly's position is that one element of the crime was lacking because she did not possess the requisite *mens rea* for wilful concealment. Fetterly's prospect for acquittal was not dependent upon the jury finding her mental state to be "negligence" as defined by I.C. § 18–101(2). Rather, it depended upon the jury finding an *absence* of the mental state of wilfulness. The statutory definition of negligence in I.C. § 18–101(2) therefore is

not law that governs Fetterly's guilt or innocence. Accordingly, there was no need for an instruction giving that definition of negligence to support Fetterly's defense that she did not act wilfully. Fetterly's contention that she was merely negligent is properly a subject for closing argument, but does not necessitate a separate jury instruction.

### CONCLUSION

The magistrate did not err in refusing to instruct the jury on the definition of negligence. The district court's decision upholding the magistrate's refusal of the requested instruction is affirmed.

In this appeal the State has noted that the judgment of conviction indicates that Fetterly was found guilty of petit theft although the jury verdict shows that she was acquitted on that charge and was found guilty of the lesser included offense of wilful concealment. On remand, the magistrate is instructed to determine whether the judgment should be amended to correct this discrepancy. This case is remanded for proceedings consistent with this opinion.

WALTERS, C.J., and PERRY, J., concur.

---

3. The instruction that was given stated:
 The word "wilfully" when applied to the intent with which an act is done implies simply a purpose or willingness to commit the act. It does not require any intent to violate law.

There is no contention on appeal that this definition was erroneous.