**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42769**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 5 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 27, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DENNIS JAMES GARNER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Judgment of conviction for battery on a jailer/correctional or detention officer, vacated and remanded.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

Dennis James Garner appeals from his judgment of conviction for battery on a jailer/correctional or detention officer. Specifically, Garner alleges that the district court erred in ruling that Garner was not entitled to a self-defense jury instruction. For the reasons set forth below, we vacate Garner's judgment of conviction and remand for a new trial.

## I.

## FACTS AND PROCEDURE

Garner was arrested for public intoxication. Garner was increasingly uncooperative as officers tried to search him during intake and booking. While being taken to a holding cell, Garner spat on an officer. In response, four officers forced Garner to the floor. Garner was face-down on the cement floor with an officer holding his head, another officer on his back, and

1

two officers restraining his legs. An officer heard Garner make "guttural-type noises" and say, "I can't breathe" and "get your hands off me." Garner freed one leg and kicked an officer, who then tased Garner. Garner was charged with battery on a jailer/correctional or detention officer, I.C. §§ 18-915(3), 18-903(a), and 19-2520F.[1] At trial, Garner requested a jury instruction on self-defense, following Idaho Criminal Jury Instruction 1263, acknowledging that it would be necessary to change some language of the instruction to fit the facts of his case. The district court denied Garner's requested jury instruction. Garner was found guilty of battery on an officer. Garner appeals.

## II.

## STANDARD OF REVIEW

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

Idaho Code Section 19-2132(a) requires that the trial court must provide to the jury being charged "all matters of law necessary for their information" and must give a requested jury instruction if it determines that instruction to be correct and pertinent. Under a four-part test, a requested instruction must be given where: (1) it properly states the governing law; (2) a reasonable view of the evidence would support the defendant's legal theory; (3) it is not addressed adequately by other jury instructions; and (4) it does not constitute an impermissible comment as to the evidence. *State v. Fetterly*, 126 Idaho 475, 476-77, 886 P.2d 780, 781-82 (Ct. App. 1994); *see also State v. Evans*, 119 Idaho 383, 385, 807 P.2d 62, 64 (Ct. App. 1991). To meet the second prong of this test, the defendant must present at least some evidence supporting his or her theory, and any support will suffice as long as his or her theory comports with a reasonable view of the evidence. *Fetterly*, 126 Idaho at 476-77, 886 P.2d at 781-82; *State v. Kodesh*, 122 Idaho 756, 758, 838 P.2d 885, 887 (Ct. App. 1992). In other words, a defendant must present facts to support each element of a prima facie case for each defense. *State v. Camp*,

---

[1] Garner was also charged and found guilty of misdemeanor propelling bodily fluids on an officer. He does not challenge this judgment of conviction on appeal.

2

134 Idaho 662, 665-66, 8 P.3d 657, 660-61 (Ct. App. 2000). If the defendant fails to provide evidence supporting any one of the necessary elements of a defense, the defendant has failed to meet his or her burden and is not entitled to have the jury instructed on that defense.

## III.

## ANALYSIS

Garner alleges the district court erred in failing to instruct the jury on self-defense. Self-defense is recognized in Idaho. *See State v. Woodward*, 58 Idaho 385, 394, 74 P.2d 92, 97 (1937); *see generally* I.C. §§ 19-201, 19-202, and 19-202A. Idaho Criminal Jury Instruction (I.C.J.I.) 1263 enumerates what generally must be proven to find that a defendant acted in self-defense with regard to officers, providing:

> An officer is not permitted to use unreasonable or excessive force [in making or attempting to make an arrest] [in detaining or attempting to detain a person for questioning].
> If an officer does use unreasonable or excessive force [in making or attempting to make an arrest] [in detaining or attempting to detain a person for questioning], the person being [arrested] [detained] may lawfully use reasonable force to protect himself.
> The state must prove beyond a reasonable doubt:
> (1)  that the officer did not use unreasonable force,
>
>  or
>
> (2)  if the officer used unreasonable force, that the defendant used unreasonable force in response.
> If the state fails to do so, you must find the defendant not guilty [of [Resisting][,] [Delaying] [or] [Obstructing] an Officer].

Idaho Criminal Jury Instruction 1263 also contains a comment that "this instruction should be used where there is some evidence to support the defense that the defendant used reasonable force to resist the use of excessive force by the officer. Reasonable force is defined in I.C.J.I. 1518."[2] For this proposition, the comment cites *State v. Spurr*, 114 Idaho 277, 755 P.2d 1315 (Ct. App. 1988).

---

[2]  Idaho Criminal Jury Instruction 1518 provides information regarding the degree of force that a person may use in self-defense. That section provides:

> The kind and degree of force which a person may lawfully use in [self-defense] [defense of another] are limited by what a reasonable person in the same situation as such person, seeing what that person sees and knowing what the

3

**A.      Scope of Self-Defense in Response to Excessive Force by an Officer**

In denying Garner's request for a jury instruction in line with I.C.J.I. 1263, the district court held:

> The court would also note and it does agree with the state here that the *Spurr* case, which is cited in the comments section which the defense is relying on, did indeed simply involve a situation of either an attempted arrest or certainly an attempt to detain a defendant for questioning.
>
> And the cases, as [the State] has correctly noted, relied upon in the *Spurr* decision, all dealt with the use of force during an arrest. And there was no authority of which I was aware of, appellate authority, that talks about this instruction being given in the case or someone being in a detention facility, whether in a correctional facility or a county detention or correctional facility there.
>
> The court agrees that the *Spurr* court did indicate that a person has a constitutional right not to be subjected to excessive force by officers in the performance of their duties. But having said that, the instruction itself contains two alternatives for the court as to how a jury could be instructed, either that an officer is not permitted to use unreasonable or excessive force in making or attempting to make an arrest, or in detaining or attempting to detain a person for questioning.
>
> And, again, this language is consistent with the decision in *Spurr*, which is one of those situations where it was either an arrest or certainly an attempt to detain an individual for questioning.
>
> Considered as a whole, the court does not find, based upon the case authority, that in *Spurr* the appellate court intended to have the defense applied so broadly as to encompass individuals who are in a correctional or detention facility.
>
> And, therefore, because the instruction sought in this case is applied to either arrests or detention for questioning and because neither one of those things applied in this case, I do not believe it is appropriate to give the requested instruction number 1263, and I will not do so then at this time.

---

person knows, then would believe to be necessary. Any use of force beyond that is regarded by the law as excessive. Although a person may believe that the person is acting, and may act, in [self-defense] [defense of another], the person is not justified in using a degree of force clearly in excess of that apparently and reasonably necessary under the existing facts and circumstances.

The comment cites *State v. Scroggins*, 91 Idaho 847, 433 P.2d 117 (1967) for this proposition.

4

The district court's holding raises an issue regarding whether a self-defense jury instruction may be given when the officer was booking the party who struck the officer rather than attempting to detain or arrest the party.

As noted by the district court, a person has a constitutional right not to be subjected to excessive force by law enforcement officers in the performance of their duties. *Spurr*, 114 Idaho at 279, 755 P.2d at 1317. An individual has a right to defend himself or herself against the use of excessive force by an officer. *Id*. The determination of whether excessive force has been used is a question of fact for the jury. *Id*.

In this case, the district court held that it would not instruct the jury on self-defense because the factual situation of Garner's case did not match that anticipated by I.C.J.I. 1263--Garner was already in custody at the time he struck the officer. Accordingly, the district court held that Garner was not entitled to have the jury instructed on self-defense. While I.C.J.I. 1263 lists two situations in which a person may defend himself or herself against excessive force--when being arrested or detained--the use of force to defend oneself is not limited to those situations. Rather, the law broadly grants an individual the right to use force to defend himself or herself against excessive force by an officer regardless of the timing of such excessive force. The timing and circumstances of the situation are facts to be considered by the jury in determining whether the officer's force was excessive and whether the defendant's responding force was reasonable.

Here, the evidence was undisputed that force was used on Garner. There was a question of fact whether that force was excessive. There was also a question of fact whether (if the officer's use of force was excessive) Garner's responding use of force was reasonable. These were questions for the jury to decide. Thus, it was crucial that the jury was informed that, if the officer used excessive force, Garner had a right to reasonably defend himself. Accordingly, the district court erred in failing to instruct the jury on self-defense in response to excessive force by an officer.

**B.      Evidence to Support Self-Defense Instruction**

The state argues that neither the facts nor the law supported Garner's request for the jury to be provided I.C.J.I. 1263. A defendant is entitled to have the jury instructed on every defense

or theory of defense having any support in the evidence. *State v. Hansen*, 133 Idaho 323, 328, 986 P.2d 346, 351 (Ct. App. 1999). However, requested jury instructions should not be given if they lack support in the facts of the case or are erroneous statements of the law. *State v. Babb*, 125 Idaho 934, 941, 877 P.2d 905, 912 (1994); *State v. Bronnenberg*, 124 Idaho 67, 71, 856 P.2d 104, 108 (Ct. App. 1993).

Whether the officers' use of force was excessive and whether Garner's responding force was unreasonable are questions of fact which, in a jury trial, are within the province of the jury. Accordingly, this Court will not weigh the evidence. The primary issue here is whether there was some evidence to support Garner's defense that he used reasonable force to resist the use of excessive force by the officer. If such evidence was presented to the jury, the district court erred in refusing to instruct the jury on self-defense, as requested by Garner.

In response to Garner spitting on an officer, four officers forced him to the ground. One officer controlled Garner's head, one officer was on his back, and two officers controlled Garner's legs. One officer testified that he placed Garner in a figure-four leg-lock. While held on the ground, another officer heard Garner make "guttural-type" noises and say, "I can't breathe." While this Court is not suggesting that the officers' use of force was necessarily excessive, these facts meet the relatively low standard required by I.C.J.I. 1263 and provide "some" evidence that the officers may have used excessive force against Garner. In response to the force used against Garner, he struggled to free his legs, succeeded, and kicked one of the officers. Again, this Court is not suggesting that Garner's use of force was reasonable in response to the officers' actions. However, this Court holds there was some evidence to support the defense that Garner used reasonable force to resist the use of excessive force. Accordingly, Garner was entitled to have the jury instructed on self-defense in response to excessive force by an officer.

## IV.

## CONCLUSION

An individual's right to use force to defend himself or herself against excessive force by an officer is not limited to excessive force used while detaining or arresting an individual. In this case, there was at least some evidence presented at trial to justify instructing the jury on self-defense in response to excessive force by an officer. Accordingly, we vacate Garner's

judgment of conviction for battery on a jailer/correctional or detention officer and remand to the district court for a new trial.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.