**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 47560**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed: February 23, 2021 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| KEITH WILLIAM RABIDUE, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Judgments of conviction for two counts of battery on an officer and one count of resisting or obstructing an officer, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Keith William Rabidue appeals from his judgments of conviction for two counts of battery on an officer and one count of resisting or obstructing an officer. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After receiving a report of domestic violence in which Rabidue took the victim's phone, an officer went to Rabidue's residence. Upon arrival, the officer learned from dispatch that the victim had left the residence. The officer approached Rabidue, who was standing on the porch, and began asking Rabidue about the incident. After another officer arrived, the first officer announced his intention to detain Rabidue and place him in handcuffs. Rabidue retreated into his residence and the officers followed. Rabidue did not comply with verbal orders and began hitting

1

and shoving the officers. After knocking one officer unconscious, Rabidue escaped. He then broke into another home and took some items. About an hour later, Rabidue was apprehended. The State charged Rabidue with two counts of battery on an officer and one count each of domestic battery, resisting or obstructing an officer, intentional injury of a telecommunication instrument, and burglary.

Rabidue filed a motion asking the district court to "enter a finding" that the warrantless entry into Rabidue's residence and attempted warrantless seizure were unlawful. At the hearing on the motion, Rabidue clarified that his motion was for a jury instruction. Specifically, Rabidue explained that, if the district court found the officers' actions were unlawful, the district court should instruct the jury accordingly in relation to the resist and obstruct charges. The district court denied the motion, holding that, even if the officers' actions were unlawful, Rabidue's use of force or violence undermined the legal basis for the jury instruction. After a change in counsel, Rabidue filed a supplemental brief in support of his motion. During a pretrial conference, Rabidue moved for reconsideration based on his supplemental brief. Following a hearing, the district court denied Rabidue's motion for reconsideration. Rabidue entered conditional guilty pleas to two counts of battery on an officer, I.C. § 18-915, and one count of resisting or obstructing an officer, I.C. § 18-705, reserving his right to challenge the denial of his requested jury instruction. In exchange for Rabidue's guilty pleas, the State dismissed the remaining three counts. Rabidue appeals.

## II.

## STANDARD OF REVIEW

A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132(a). Although each party is entitled to request specific instructions, such instructions will be given only if they are correct and pertinent. *Id.*; *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). Thus, it is not error for a trial court to reject a proposed instruction that is an erroneous statement of the law, unsupported by the evidence, an impermissible comment on the evidence, or adequately covered by other instructions. *State v. Lemmons*, 158 Idaho 971, 976, 354 P.3d 1186, 1191 (2015). Whether a trial court correctly rejected a proposed jury instruction is a question of law over which we exercise free review. *Id.*

2

## III.

## ANALYSIS

Mindful of the case law on resisting or obstructing an officer, including *State v. Bishop*, 146 Idaho 804, 203 P.3d 1203 (2009), Rabidue argues that the district court nevertheless erred in denying his motion for the jury instruction. Specifically, Rabidue contends the district court should have granted his motion for a jury instruction that the officers' actions were unlawful, which Rabidue asserts would be a defense to the charge of resisting or obstructing the officers.[1] The State responds that the district court denied Rabidue's requested instruction on two bases: (1) because the pattern jury instructions fairly and accurately reflect the applicable law; and (2) "because the facts, which showed violent rather than peaceful resistance, did not support any defense based on the alleged illegality of the officers' actions." According to the State, Rabidue has only challenged the second basis and, as such, we should affirm on the first, unchallenged basis. Alternatively, the State contends the district court properly rejected Rabidue's requested jury instruction. We hold that Rabidue has failed to show that the district court erred in denying his requested jury instruction.

The State first argues that we should affirm the district court's ruling denying the requested jury instruction because Rabidue has not challenged what the State asserts was one of two bases for denying his request. Where a trial court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis. *State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998). The State asserts that one basis for the district court's denial of Rabidue's motion was that the requested jury instruction was adequately covered by the other jury instructions the district court intended to give regarding the resisting or obstructing charge. Specifically, the district court's decision noted that three pattern instructions "fairly and accurately reflect the applicable law." Those instructions include ICJI 1260 (setting forth the elements of resisting or obstructing an

---

[1]     Consistent with his argument to the district court, Rabidue's argument regarding the requested jury instruction is limited to the resisting or obstructing an officer charges and does not include any assertion that the instruction would also apply to the battery on law enforcement charges. Our analysis is limited accordingly.

officer), ICJI 1260 (defining willfulness), and ICJI 1262 (articulating the duty to submit to arrest). However, we do not share the State's view that this portion of the district court's ruling was an alternative basis for denying Rabidue's request. The district court did not hold that the pattern instructions *adequately* covered Rabidue's requested jury instruction; it only held that the pattern instructions fairly and accurately reflected the applicable law and ultimately denied Rabidue's request based on its conclusion that it a reasonable view of the evidence did not support such an instruction. While Rabidue's requested instruction would have conflicted with ICJI 1262 to the extent ICJI 1262 states that a person must refrain from using force to resist arrest regardless of the legality of the arrest, we do not read the district court's decision as denying Rabidue's motion on this independent basis.

As to the merits, the State contends the district court properly denied Rabidue's motion because he used force or violence in resisting the officers. One element of resisting or obstructing an officer is that the officer was performing or attempting to perform an official duty. I.C. § 18-705. An unlawful act is not included in an officer's duties. *Bishop*, 146 Idaho at 817, 203 P.3d at 1216. Consequently, a person does not violate I.C. § 18-705 by peacefully resisting or obstructing an officer's unlawful action. *Bishop*, 146 Idaho at 817, 203 P.3d at 1216. However, the person is not permitted to employ force or violence, *id.*, unless the officer uses excessive force, in which case the person can respond with reasonable force, *State v. Garner*, 159 Idaho 896, 898-99, 367 P.3d 720, 722-23 (Ct. App. 2016).

The district court found that Rabidue used force or violence in resisting the officers. Rabidue has not challenged this finding on appeal. Further, Rabidue did not argue before the district court, and does not argue on appeal, that the officers used excessive force. Assuming, without deciding, that the officers' entry into the residence was unlawful, Rabidue would have been permitted only to peacefully resist the attempted detention. Because he used force or violence in resisting, the district court correctly held that Rabidue's requested jury instruction was not supported by the evidence.

Seeking to distinguish *Bishop*, Rabidue advances two arguments. First, Rabidue asserts that the situation escalated only because of the officers' actions but provides no citation to authority showing how this entitles him to his requested jury instruction. A party waives an issue on appeal

4

if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). As such, we will not consider this argument.

Second, Rabidue contends that his case differs factually from *Bishop* because the officers entered his residence, a place Rabidue asserts he was allowed to defend himself based on I.C. § 19-202A, one of the statutes governing self-defense. However, Rabidue did not request a self-defense jury instruction. His requested jury instruction concerned the lawfulness of the officers' actions, not self-defense. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). As such, we will not consider Rabidue's argument to the extent he is claiming it supports a self-defense jury instruction. To the extent his argument concerns the issue on appeal, Rabidue presents no argument explaining how the statutory right to self-defense warrants his requested jury instruction that the officers' actions were unlawful. Rabidue has failed to show the district court erred in denying his motion for the requested jury instruction.

## IV.
## CONCLUSION

Rabidue has failed to show that the district court erred in denying his motion for the requested jury instruction. Consequently, his judgments of conviction for two counts of battery on an officer and one count of resisting or obstructing an officer are affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.