IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46726

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed: May 25, 2021 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| TOD LEE WEBER, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas J. Ryan, District Judge.

Judgment of conviction for rape, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Tod Lee Weber appeals from his judgment of conviction for rape. We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

A grand jury indicted Weber for rape of a minor victim. At trial, Weber cross-examined the victim on discrepancies between his grand jury testimony and trial testimony regarding the details of the rape. During the subsequent jury instruction conference, the district court rejected a jury instruction Weber proposed regarding the consideration of the victim's prior sworn statements that were inconsistent with his trial testimony, concluding that Weber had not offered any of the victim's prior sworn testimony for its substance. The jury found Weber guilty of rape. I.C. § 16-6101(1). Weber appeals.

1

## II.

## STANDARD OF REVIEW

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009).

## III.

## ANALYSIS

Weber argues that the district court erred by rejecting his proposed jury instruction on prior inconsistent statements given under oath. The State responds that the district court correctly rejected Weber's proposed instruction because he presented no prior testimony for its substance and, even if rejecting the instruction was error, it was harmless. We hold that Weber has failed to show error in the rejection of his proposed instruction.

A trial court must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132. Thus, a trial court must instruct on the rules of law that are material to the determination of the defendant's guilt or innocence. *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). This necessarily includes instructions on the essential legal principles applicable to the admitted evidence. *State v. Gain*, 140 Idaho 170, 172, 90 P.3d 920, 922 (Ct. App. 2004). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). Erroneous instructions amount to reversible error if the instructions misled the jury or prejudiced the complaining party. *State v. Young*, 138 Idaho 370, 372, 64 P.3d 296, 298 (2002).

Additionally, each party is entitled to request the delivery of specific instructions. *Severson*, 147 Idaho at 710, 215 P.3d at 430. However, only requested instructions that are correct and pertinent will be given to the jury. I.C. § 19-2132. A requested instruction must be given where: (1) it properly states the governing law; (2) a reasonable view of the evidence would support the defendant's legal theory; (3) it is not addressed adequately by other jury instructions; and (4) it does not constitute an impermissible comment on the evidence. *State v. Garner*, 159 Idaho 896, 898, 367 P.3d 720, 722 (Ct. App. 2016).

Weber faults the district court for rejecting the following instruction:

2

> You have heard testimony of [the victim]. You will recall it was brought out that before this trial that this witness made statements concerning the subject matter of this trial. Even though these statements were not made in this courtroom they were made under oath. Because of this, you may consider these statements as if they were made at this trial and rely on them as much, or as little, as you think proper.

According to Weber, the rejection of the above instruction prejudiced him. We disagree.

Before discussing the merits of Weber's challenge to the jury instructions, a thorough understanding of the allegedly inconsistent testimony at issue and the argument Weber presented in support of his proposed instruction is necessary. During trial, the victim testified on direct examination that Weber sexually assaulted him sometime between September and December of 2016. According to the victim, he met Weber through an internet personal ad and eventually traveled with Weber to his house. The victim further testified that he was orally and anally penetrated by Weber's penis once inside Weber's bedroom, after which Weber dressed in the bedroom and took the victim home.

On cross-examination, Weber questioned the victim regarding discrepancies between the above testimony and the version of events described to the grand jury. Much of this cross-examination focused on details of the sexual assault that the victim omitted from his trial testimony. For example, the victim testified before the grand jury that, during the assault, Weber performed oral sex upon him, that there was a pillow under his back, and that Weber "thrust" while penetrating the victim's anus. None of these details emerged in the victim's trial testimony. In addition to omitted details, Weber also cross-examined the victim about some apparent inconsistencies between his grand jury and trial testimony. More specifically, the victim admitted during cross-examination that he testified before the grand jury that he believed the sexual assault occurred while Weber's friends were in his home watching "the Super Bowl or something" and that Weber left the bedroom to dress after the sexual assault.

During the jury instruction conference after the close of evidence, the following exchange occurred regarding Weber's proposed instruction:

[Court]:    I'm inclined not to give [the proposed instruction].
. . . .
[Defense]:  Well, Your Honor, it goes simply to the grand jury testimony that I cross-examined [the victim] on.
[Court]:    Which I understand, and I suppose technically it could be given. It's just that there was very little of the grand jury testimony. I think it

3

> was pretty clear that you were impeaching [the victim] about prior inconsistent statements. I don't know that the Court needs to give an instruction on that.
>
> . . . .
>
> [Defense]: I'll stand on my argument for the record, Your Honor.

Ultimately, the district court rejected Weber's proposed jury instruction.

Weber faults the district court for rejecting his proposed instruction on prior inconsistent statements under oath because doing so deprived the jury of "guidance from the district court on how to interpret and weigh [the victim's] prior inconsistent" grand jury testimony. Weber's argument is without merit.

For Weber to be entitled to the delivery of his proposed instruction, other instructions must not have adequately addressed the same content. *See id.* Weber's proposed instruction on prior testimony is taken verbatim from Idaho Criminal Jury Instruction 319.[1] Despite bearing the title "Impeachment--Prior Inconsistent Statements under Oath," ICJI 319 does more than instruct jurors that they can consider sworn prior inconsistent statements when evaluating a witness's credibility.[2] Rather, ICJI 319 also informs jurors that such statements may serve as *substantive* evidence if the witness testified at trial and was subject to cross-examination. *See* I.R.E. 801(d)(1)(A); *State v. Ellington*, 151 Idaho 53, 74, 253 P.3d 727, 748 (2011). In Instruction No. 11, the district court instructed the jurors regarding their consideration of substantive evidence. That instruction stated

---

[1]     Idaho Criminal Jury Instruction 319 provides as follows:

> You have heard the testimony of _____. You will recall it was brought out that before this trial that this witness made statements concerning the subject matter of this trial. Even though these statements were not made in this courtroom they were made under oath at [e.g.: another trial.]. Because of this, you may consider these statements as if they were made at this trial and rely on them as much, or as little, as you think proper.

[2]     Generally, a witness's prior out-of-court statements constitute hearsay and are inadmissible during trial. *See* I.R.E. 801, 802. However, a party may impeach witnesses by introducing prior statements inconsistent with their trial testimony. *State v. Ellington*, 151 Idaho 53, 74, 253 P.3d 727, 748 (2011). When an unsworn prior inconsistent statement is introduced at trial to impeach a witness, it is admitted solely to attack the witness's credibility--not as substantive evidence that the facts asserted in the statement are true. *State v. Drapeau*, 97 Idaho 685, 688, 551 P.2d 972, 975 (1976)

4

that jurors were to "decide the facts from all the evidence presented in the case" and that "sworn testimony of witnesses" was evidence they could consider. Neither party disputes that the victim's testimony before the grand jury was given under oath. Thus, Weber's proposed instruction on prior inconsistent sworn statements would not have given jurors any additional guidance regarding the consideration of the victim's grand jury testimony than Instruction No. 11. Because Instruction No. 11 adequately covered the content of Weber's proposed instruction, the district court did not err in rejecting it.[3] *See Garner*, 159 Idaho at 898, 367 P.3d at 722.

## IV.

## CONCLUSION

Other jury instructions adequately covered the content of Weber's proposed jury instruction regarding the victim's sworn, prior inconsistent statements. Thus, Weber has failed to show error in the district court's rejection of that instruction. Accordingly, Weber's judgment of conviction for rape is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

---

[3]     Because we hold that the district court did not err in rejecting Weber's proposed jury instruction, we need not address the State's argument that the instruction was properly rejected because the prior sworn testimony was only offered for its impeachment value, not its substance, or the State's argument that any error was harmless.