# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 47697/48322/48323/48324

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed:  November 23, 2021** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| JESSE ANDREW PASCHANE, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Cynthia K.C. Meyer, District Judge.

Appeals in Docket Nos. 48323 and 48324 for aggravated assault, attempted strangulation, and two counts of delivery of a controlled substance, dismissed; judgments of conviction in Docket Nos. 47697 and 48322 for aggravated assault and possession of a controlled substance with intent to deliver, affirmed.

Vieth Law Offices, Chtd.; Nicolas V. Vieth, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Jesse Andrew Paschane appeals from his judgments of conviction in:  (1) Docket No. 47697 for aggravated assault, Idaho Code §§ 18-901, 19-2520, 18-905; (2) Docket No. 48322 for possession of a controlled substance with intent to deliver, I.C. § 37-2732(a)(1)(A); (3) Docket No. 48323 for aggravated assault, I.C. §§ 18-901, 19-2520, 18-905, and attempted strangulation, I.C. § 18-923; and (4) Docket No. 48324 for two counts of delivery of a controlled substance, I.C. § 37-2732(a)(1).  The appeals in Docket Nos. 48323 and 48324 are dismissed and the judgments of conviction in Docket Nos. 47697 and 48322 are affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of four consolidated criminal cases. In the first case, Officer Hutchison was conducting undercover surveillance in an unmarked car on the street where Paschane lived. While Paschane was driving down the street with his friend Popp, Paschane noticed Officer Hutchison's car. Paschane parked and both he and Popp approached Officer Hutchison's car on foot. Paschane began to question Officer Hutchison about his presence on the street. Because Officer Hutchison was not dressed in uniform and his car was unmarked, Paschane was unaware that Hutchison was a police officer. When Paschane continued to question Officer Hutchison about his presence, Officer Hutchison got out of his car. While Officer Hutchison was getting out of the car, Paschane drew a gun from his waistband, and pointed the gun at Officer Hutchison. Paschane subsequently realized that Officer Hutchison was an officer and dropped his gun. As a result of this altercation, in Docket No. 47697, the State charged Paschane with one count of aggravated assault with a sentencing enhancement for using a deadly weapon.

About a week later, Paschane's girlfriend reported that Paschane strangled her and held a long, black gun to her head. The State charged Paschane with aggravated assault and attempted strangulation with a sentencing enhancement for using a deadly weapon in Docket No. 48323.

Based on the allegations from Paschane's girlfriend, officers obtained a warrant to search Paschane's home for evidence of the assault. The search warrant allowed officers to search Paschane's home for: "Firearms, ammunition, and any evidence to establish ownership (for example: utility bills/statements, registrations, driver's licenses, mail, receipts, insurance documents, etc.) of property." While executing the search, officers found multiple guns, ammunition, and a large safe, measuring four and one-half to five feet tall. Due to its size, the officers believed the safe was a gun safe.

Officers attempted to open the safe during the search of Paschane's home. Although the officers were unable to get it fully open, they saw what they believed to be boxes of ammunition inside the safe. The officers seized the safe and took it to the police department where they were able to fully open it. Inside the safe, officers found ammunition and a white, powder substance that was later determined to be cocaine. As a result, the State charged Paschane with trafficking in a controlled substance (cocaine) in Docket No. 48322.

Paschane filed a motion to suppress the cocaine found during the search of the safe, arguing because the search of the safe was conducted at the police department, not at his home, the search was not conducted pursuant to the original search warrant. After a suppression hearing, the district court found "the off-site search of the safe was within the scope of the search warrant and it would have been superfluous to obtain a second search warrant." Accordingly, the district court denied the motion to suppress.

While the above cases were pending, Paschane sold cocaine and methamphetamine to a confidential informant. The State charged Paschane with two counts of delivery of a controlled substance in Docket No. 48324.

Paschane entered into an Idaho Criminal Rule 11(f)(1)(C) plea agreement with the State to resolve Docket Nos. 47697 and 48322.[1] The Rule 11 plea agreement provided, in relevant part, that Paschane would plead guilty to an amended charge of possession of a controlled substance with the intent to deliver in Docket No. 48322 and to aggravated assault in Docket No. 47697 and the State would dismiss the deadly weapon enhancement. In exchange for Paschane's guilty pleas, the parties agreed that on each charge, the district court would impose a unified sentence of five years, with two years determinate, with ninety days jail, the sentences would run currently, and the sentences would be suspended for a period of three years. Pursuant to the Rule 11 plea agreement, Paschane pled guilty to possession of a controlled substance with intent to deliver and aggravated assault. The district court ordered a presentence investigation report (PSI). After reviewing the PSI and the proposed sentences, the district court informed the parties that it would not follow the Rule 11 plea agreement because it did not want to be bound by the agreement to suspend the sentences. The district court rejected the Rule 11 agreement, reinstated Paschane's not-guilty pleas, and set the cases for trial.

Paschane proceeded to trial on the aggravated assault charge in Docket No. 47697. Officer Hutchison, Popp, and Paschane testified. Although Paschane requested a self-defense jury instruction, the district court rejected the request, finding the instruction was not supported by a reasonable view of the evidence. The jury found Paschane guilty of aggravated assault, and Paschane subsequently admitted to using a deadly weapon in the commission of the aggravated

---

[1] The plea agreement included a misdemeanor case that is not before this Court on appeal.

3

assault. The district court sentenced Paschane to a unified sentence of ten years, with two years determinate.

Paschane subsequently resolved the other three outstanding cases by entering *Alford*[2] pleas to the charges in Docket No. 48323 (aggravated assault and attempted strangulation, with a deadly weapon enhancement); Docket No. 48322 (possession of a controlled substance with intent to deliver); and the amended charges in Docket No. 48324 (two counts of delivery of a controlled substance). The district court sentenced Paschane to unified sentences of twelve years, with four years determinate, on each of the charges, with the sentences to run concurrently with each other and the sentence in Docket. No. 47697. Paschane timely appeals.

## II.

## ANALYSIS

Paschane argues the district court erred in failing to comply with the requirements of I.C.R. 11(f)(4) in rejecting the Rule 11 plea agreement, denying the motion to suppress, and rejecting the self-defense jury instruction. In response, the State argues the district court did not err in any determination and that Paschane waived some of his claims.

### A.     Paschane Waived His Challenge to the District Court's Rejection of the Rule 11 Plea Agreement in Docket Nos. 47697 and 48322

Paschane argues that when the district court rejected the Rule 11 plea agreement encompassing Docket Nos. 47697 and 48322, the court was required to advise him of the three options available: (1) maintain his guilty plea in the absence of a sentencing agreement; (2) withdraw his guilty plea and pursue a new plea agreement with the State; or (3) withdraw his guilty plea and exercise his right to a jury trial. Paschane alleges that because the district court did not advise him of these options and forced him to proceed to trial, the court erred. In response, the State argues that Paschane's challenge is unpreserved because he did not raise the issue below and because he did not allege it constituted fundamental error on appeal. Alternatively, the State asserts the district court did not err.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). The Idaho Supreme Court recently held that in order to preserve an issue for appellate review, not only must "the issue and the party's position on the issue" be raised before the trial court, but the party must also allege facts, apply

---

[2]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

4

relevant law to the facts, and state a conclusion in the court below. *State v. Randall*, ___ Idaho ___, ___, ___ P.3d ___, ___ (Oct. 5, 2021) (holding while brief opposing motion to suppress alleged facts and stated conclusion, it did not support conclusion by applying law to facts and therefore issue was not raised to trial court); *see also State v. Wilson*, ____ Idaho ___, ___, ___ P.3d ___, ___ (Sept. 27, 2021) (reiterating preservation requirements and holding appellate argument was unpreserved because State implicitly conceded below what it tried to argue on appeal).

In this case, at the initial sentencing hearing, the district court notified the parties that it was uncomfortable with the Rule 11 plea agreement and postponed the sentencing for further consideration. The State subsequently filed a motion to set aside the guilty pleas and set the cases for trial. At the rescheduled sentencing hearing, Paschane objected to the State's motion to set the matter for trial before the district court expressly ruled on whether it was accepting or rejecting the Rule 11 plea agreement. During the hearing, the parties offered arguments addressing the district court's concerns about the Rule 11 plea agreement. The State argued the district court should not follow the Rule 11 plea agreement if the court did not want to do so and Paschane's trial counsel explained why the court should accept the agreement and proceed to sentencing pursuant to its terms. The district court concluded that based on the facts of the case, it was not going to accept the Rule 11 plea agreement. Accordingly, the district court rejected the Rule 11 plea agreement and stated: "So with that, Mr. Paschane, I'm going to give you back your guilty plea, and I will enter not guilty pleas for you to the cases. We'll go ahead and set out the two felony cases for trial."

Although Paschane argued the district court should not reject the Rule 11 plea agreement and should go forward with the sentencing based on the terms of the plea agreement, Paschane did not object to withdrawing his guilty pleas and resetting the cases for trial, did not argue he should be permitted to proceed to sentencing without the negotiated sentencing agreement, or that the district court was required to give Paschane options before resetting the cases for trial. In fact, when the district court stated, "We'll go ahead and set out the two felony cases for trial. I'm assuming those would be separate trials," Paschane's attorney responded, "Yes, Judge."

Paschane's argument that the district court did not provide him with options prior to setting the case for trial is not preserved for appeal because he did not raise the issue, state his position on the issue, or make argument supported by facts, law, and a conclusion, to the district court. As

5

Paschane has not argued any unobjected to error constituted fundamental error on appeal, his challenge to the district court's actions after rejecting the Rule 11 plea agreement is not preserved either as a claim of objected to error or a claim of unobjected to error. Consequently, the issue is not properly before this Court, and we decline to consider it.

**B. The District Court Did Not Err in Denying Paschane's Self-Defense Instruction in Docket No. 47697**

Paschane argues the district court erred in rejecting his proposed self-defense instruction in Docket No. 47697 because the instruction met the four requirements for giving such an instruction. Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

Idaho Code Section 19-2132(a) requires that the trial court must provide to the jury "all matters of law necessary for their information" and must give a requested jury instruction if it determines that instruction to be correct and pertinent. Under a four-part test, a requested instruction must be given where: (1) it properly states the governing law; (2) a reasonable view of the evidence would support the defendant's legal theory; (3) it is not addressed adequately by other jury instructions; and (4) it does not constitute an impermissible comment as to the evidence. *State v. Fetterly,* 126 Idaho 475, 476-77, 886 P.2d 780, 781-82 (Ct. App. 1994); *see also State v. Evans*, 119 Idaho 383, 385, 807 P.2d 62, 64 (Ct. App. 1991). To meet the second prong of this test, the defendant must present at least some evidence supporting his theory, and any support will suffice as long as his theory comports with a reasonable view of the evidence. *State v. Garner*, 159 Idaho 896, 898, 367 P.3d 720, 722 (Ct. App. 2016). In other words, a defendant must present facts to support each element of a prima facie case for each defense. *State v. Camp*, 134 Idaho 662, 665-66, 8 P.3d 657, 660-61 (Ct. App. 2000). If the defendant fails to provide evidence supporting any one of the necessary elements of a defense, he fails to meet his burden and is not entitled to have the jury instructed on that defense. *Garner*, 159 Idaho at 898, 367 P.3d at 722. In order to justify a self-defense instruction, a defendant must present sufficient evidence such that a reasonable view of the evidence would support his theory of self-defense; i.e., that he "reasonably believed he was in imminent danger of bodily harm and that he reasonably believed the force used

6

was necessary to repel the victim's attack." *State v. Iverson*, 155 Idaho 766, 772, 316 P.3d 682, 688 (Ct. App. 2014).

During trial, Officer Hutchison testified that while he was conducting undercover surveillance, Paschane drove by and noticed Officer Hutchison's car. Officer Hutchison recalled Paschane subsequently parked in the middle of the road and approached Officer Hutchison's car in an aggressive and confrontational manner. Paschane was yelling and cursing, demanding to know why Officer Hutchison was there. Officer Hutchison explained that Paschane and Popp positioned themselves in a way that made him feel trapped; he looked for a way of escape, but believed he could not drive away without hitting either of the men or putting himself in a more dangerous position. Officer Hutchison stated he briefly spoke to Paschane while remaining inside his vehicle, but as Paschane continued to yell aggressively, Officer Hutchison believed this course of action was ineffective. Officer Hutchison started to get out of his car and when he opened his door, Paschane pulled a pistol out of his waistband and, using a "firing grip," pointed the gun at Officer Hutchison's legs. Officer Hutchison stated he was fearful as he believed a shot to his legs had the potential to be career- or life-ending.

Paschane's and Popp's trial testimony varied significantly from Officer Hutchison's testimony and, at times, were themselves inconsistent. However, Paschane and Popp largely described the same series of events. Paschane described the circumstances leading up to him confronting Officer Hutchison as follows. Paschane testified that in the weeks before his encounter with Officer Hutchison, he noticed vandalism on his property; his cars had been keyed and trash appeared in his yard. While Paschane testified that these events correlated with witnessing Officer Hutchison's car drive by his house multiple times, when he saw the car drive past that night, he "didn't think much of it" and just "wanted to go to Taco Bell." When Paschane left to go to Taco Bell, he recalled that it was very dark outside, with a scattering of street lights. As he began to drive, Paschane noticed Officer Hutchison's car parked. Paschane pulled over, rolled down his window, and asked Officer Hutchison, in a normal and casual way, why he was there.

In spite of the recent allegations of vandalism on his property, Paschane's assessment at the time was that it was "very likely" that Officer Hutchison was one of his neighbors with a new car. Paschane testified at the time he approached Officer Hutchison's car he was "scared, concerned, excited if it was maybe my new neighbor who got a nice new car." Paschane stated that in response to his inquiries, Officer Hutchison rolled down his car window a couple of inches,

7

did not say anything, and then rolled the window back up. Paschane said that he then turned around to go back to his car to continue to Taco Bell when he heard Officer Hutchison's car door open. Paschane testified that as he turned back around, he saw Popp stumble backwards. Paschane explained that, at the time Officer Hutchison's door opened, Paschane believed he was in imminent danger of physical harm and "pulled his gun because someone opened their door" and "knocked back my friend."

Paschane argues that in light of this testimony, he met the requirements for the self-defense instruction. Specifically, under the second prong of the test, Paschane argues that a reasonable view of the evidence supports the self-defense instruction because: (1) the confrontation occurred at dusk or night; (2) there was a history of cars driving by Paschane's home multiple times; (3) Officer Hutchison was in an unmarked, undercover car; (4) Paschane and Popp were yelling and upset during their confrontation with Officer Hutchison; (5) it was a tense situation; (6) Officer Hutchison felt he had to get out of his car; (7) Officer Hutchison felt trapped; (8) when Officer Hutchison opened his door, Paschane had his back turned and "threw [his] hands up in the air"; and (9) Popp raised up his hands in fear.

Although Paschane lists the above evidence to support his argument that a reasonable view of the evidence supports a self-defense instruction, some of those pieces of evidence are not relevant to this analysis and the remaining evidence does not justify a self-defense instruction. First, Paschane provided no authority that would permit him to adopt Officer Hutchison's subjective fears and beliefs as the basis for his own fear. Thus, Officer Hutchinson's subjective fears do not inform us whether Paschane reasonably believed *he* was in imminent danger of bodily harm and that pointing a gun at the officer was a reasonable use of force.

Second, Paschane's assertions that his and Popp's testimony that they held their hands up at various points throughout the encounter supports the self-defense instruction are irrelevant. Popp testified that he put his hands up in the air *after* Paschane and Officer Hutchison drew their guns. Because Popp raised his hands *after* Paschane drew his gun, Popp's actions are not relevant to explain Paschane's subjective belief and actions that occurred *prior to* Popp's actions.

Paschane's testimony about raising his hands was not connected to an assertion of fear, but rather to Paschane's frustration at not getting a response from Officer Hutchison and Paschane's plan to abandon the encounter. Although the transcript indicates that Paschane gave a demonstration of how he put his hands in the air, it is impossible to reconstruct this demonstration

8

from the appellate record. However, from context, we can determine that at the time Paschane put his hands up, Officer Hutchison was still in his car and Paschane was leaving the scene to go to Taco Bell. Accordingly, it appears Paschane's testimony that he threw his hands in the air at that moment related to a feeling of frustration, not fear of an imminent attack.

Taking all the evidence together, the district court was left with evidence that Paschane saw Officer Hutchison's car parked on his street; it was at dusk or night; Paschane approached the car inquiring why Officer Hutchison was there; Paschane engaged Officer Hutchison in conversation; Officer Hutchison eventually began to get out of his car; and once Paschane heard the car door open, he pulled out his gun and aimed it at Officer Hutchison.

Although Paschane testified that he feared for his life when he heard the car door open and saw his friend stumble after being knocked back by the door, a reasonable view of the evidence does not support a conclusion that Paschane reasonably feared an imminent attack and that pulling out a gun and pointing it at Officer Hutchinson was reasonably necessary force. Accordingly, Paschane did not establish that the self-defense jury instruction met the four-part test for determining whether a requested instruction should be given, and the district court did not err in declining to give the instruction.

## C. Paschane Waived His Challenge to the Denial of His Motion to Suppress in Docket No. 48322

Paschane alleges the district court erred by denying his motion to suppress the evidence found during the search of his safe in Docket No. 48322. Paschane argues the search warrant did not provide probable cause to search the safe because it "did not authorize the searching of or the seizure of locked containers that could 'potentially' contain firearms or ammunition."

Paschane waived any challenge to the district court's denial of the motion to suppress by entering an unconditional guilty plea to the possession of a controlled substance charge. Ordinarily, if a defendant voluntarily and knowingly enters a guilty plea, the plea is both conclusive as to the defendant's guilt and waives all non-jurisdictional defects in prior proceedings against the defendant. *Clark v. State*, 92 Idaho 827, 832, 452 P.2d 54, 59 (1969). However, a defendant may preserve such defects or issues by entering a conditional guilty plea pursuant to I.C.R. 11(a)(2). That rule provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty, reserving in writing the right, on appeal from the judgment, to review any specified adverse ruling. If the defendant prevails on appeal, the defendant must be allowed to withdraw defendant's plea.

It is uncontested that Paschane entered an unconditional guilty plea to the possession of a controlled substance charge. Although the transcripts of the change of plea hearing are not in the appellate record,[3] the minutes do not reflect that there was a written plea agreement between the parties, much less one that preserved Paschane's right to appeal from the denial of his motion to suppress. Further, at the sentencing hearing the State acknowledged that Paschane did not have an agreement with the State, stating: "[t]he other thing that I think is important for the Court to note is that he took responsibility for everything. He pled guilty straight up with no plea agreement to all the charges." Paschane did not dispute this statement during his sentencing argument. Finally, on appeal, Paschane concedes that he did not reserve the right to appeal the denial of his motion to suppress. In his reply brief, Paschane asserts in the relevant heading that he "ENTERED UNCONDITIONAL, NOT CONDITIONAL, PLEAS" and later substantively argues that "Rule 11(a)(2)'s requirements are for 'a conditional plea,' not the unconditional guilty pleas he previously entered. . . . Put another way, this plea was straight up and without an agreement as to disposition from either side." Accordingly, Paschane's challenge was not preserved before the district court and is waived on appeal.

## D.     The Appeals in Docket Nos. 48323 and 48324 are Dismissed

Paschane filed notices of appeal in Docket Nos. 48323 and 48324. Those cases were joined with Docket No. 47697 for purposes of appeal. However, Paschane makes no argument on appeal as it relates to his convictions in either Docket No. 48323 or Docket No. 48324. Because Paschane alleges no error, there are no claims before this Court in either case. Consequently, we dismiss the appeals in those cases.

## III.

## CONCLUSION

First, Paschane waived any claim that the district court erred in rejecting the plea agreement, withdrawing Paschane's guilty pleas, and setting the cases for trial. Second, a reasonable view of the evidence presented during the trial for the aggravated assault charge does not support a self-defense instruction. Third, Paschane entered an unconditional guilty plea to

---

[3]     It is the responsibility of the appellant to provide a sufficient record to substantiate his claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991).

possession of a controlled substance with intent to deliver, and as such his challenge to the district court's denial of his motion to suppress is waived. Finally, because Paschane did not raise any issues related to his judgments of conviction in Docket Nos. 48323 and 48324, those appeals are dismissed. The judgments of conviction in Docket Nos. 47697 and 48322 are affirmed.

Judge GRATTON and Judge LORELLO **CONCUR**.

11